JOSEPH KENNEDY *et al.* Defendants in Error, *vs.* GEORGE A. NEEVES, Plaintiff in Error.

*Opinion filed February 20, 1913—Rehearing denied April 2, 1913.*

1. APPEALS AND ERRORS—*when alleged error in overruling motion for continuance is waived.* Alleged error in overruling a motion by the defendant to continue the case for three weeks because of his sickness is waived, where defendant's counsel, when the case was called for trial, more than two weeks after the motion was overruled, waived a jury and made no objection to proceeding with the trial at that time.

2. CONSTITUTIONAL LAW—*constitutionality of Municipal Court act, as a whole, is not open for review.* The question of the constitutionality of the Municipal Court act, as a whole, is not now an open one. (*Richter* v. *Burdock,* 257 Ill. 410, followed.)

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. C. A. WILLIAMS, Judge, presiding.

GEORGE A. NEEVES, JR., and LELAND K. NEEVES, for plaintiff in error.

CHARLES S. McNETT, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendants in error, as plaintiffs, recovered in the municipal court of the city of Chicago a judgment against plaintiff in error for $814. On the trial plaintiff in error raised the question of the validity of the Municipal Court act, and a writ of error was sued out of this court to review the judgment.

The cause of action was a promissory note given by plaintiff in error to defendants in error for $761.50. The matters and transactions which resulted in the giving of the note were as follows: Plaintiff in error owned a large tract of farm land in Kankakee county, Illinois, upon which he was, in the years 1909 and 1910, having work done which caused the employment of a number of men. Sam-

uel S. Swan was employed by plaintiff in error as superintendent or foreman of the work and resided in a house on the land. Plaintiff in error resided at Evanston. Defendants in error were merchants conducting a general store at Morocco, near the land. In the latter part of August or first of September, 1909, plaintiff in error called on defendants in error at their store and told them about the land he owned near there; that he was having ditching and other improvements done on the land and that Swan was his overseer. He expressed a desire to have Swan buy goods from defendants in error on his (plaintiff in error's) account, the bills to be settled by him every thirty days. He introduced Swan to defendants in error and had him give them his signature so that they might recognize orders given by him in case he should give any. Thereafter defendants in error furnished goods to Swan, and to others employed on plaintiff in error's land upon orders of Swan, until some time in December, 1910. Statements of the amounts of the monthly bills, not itemized, were made to plaintiff in error and he made payments from time to time until June, 1910, the total payments made amounting to a little more than $1000. Defendants in error continued furnishing goods to Swan, and to others on his orders, until about the middle of December. The bill then amounted to $761.50. In January, 1911, one of defendants in error went to see plaintiff in error in Chicago and requested payment. Plaintiff in error could not pay the bill at that time and gave his note for it, which is the note sued on. At that time said defendant in error gave plaintiff in error an itemized statement of the bill, but plaintiff in error claims he did not examine it before giving the note. He claims he examined it afterwards, and discovered a large amount of goods had been furnished Swan, or to others on his orders, which were not of the character authorized to be sold him by the arrangement between plaintiff in error and defendants in error, and he also claimed he then discov-

ered for the first time he had been charged with goods furnished others on Swan's orders. Plaintiff in error claimed defendants in error were only authorized to furnish goods to Swan, and were only authorized to furnish him groceries and table supplies for the farm. Some of the goods furnished Swan, and to others on his orders, and charged to plaintiff in error, were clothing and tobacco. Plaintiff in error claimed that the amount paid by him to defendants in error before the note was given was more than sufficient to pay for all goods he was liable for, and that there was no consideration for the note.

Three grounds are relied on for reversal: (1) That the court erred in overruling a motion made by plaintiff in error for a continuance; (2) that the Municipal Court act is invalid; and (3) that the finding and judgment are contrary to the weight of the evidence.

On the 4th day of March, 1912, counsel for plaintiff in error moved for a continuance of the cause for three weeks on the ground that plaintiff in error was not in a condition of health to permit him to be present at the trial. The motion was supported by affidavits of Dr. Brimerman, plaintiff in error's physician, and by plaintiff in error's son, who was one of his attorneys. The affidavit of the latter stated plaintiff in error was a material witness in his own behalf; that his deposition had been taken, but that it was important to his defense that he be present to testify in his own behalf in rebuttal of the testimony of defendants in error and their witnesses in relation to correspondence and conversations between the parties; that it could not be then stated what plaintiff in error would swear to, as it was not known what the testimony of defendants in error and their witnesses would be. The statements, in the affidavits, of the then condition of health of plaintiff in error were more in the nature of conclusions of the affiants that his physical condition was such that he could not attend the trial at that time, than statements of concrete facts upon which the con-

clusions were based. But conceding the affidavits were sufficient that the presence of plaintiff in error was necessary and that the condition of his health was then such that he could not attend the trial, we do not think the court's action in overruling the motion for a continuance at the time it was made calls for a reversal of the judgment. The motion was made March 4, 1912. The affidavit of the physician was sworn to March 1 and the other affidavit March 4. The cause was not reached for trial until March 20,—two weeks and two days later. On that day counsel for plaintiff in error waived a jury, offered no objection to proceeding with the trial, and the cause was tried. This was a waiver of the error, if overruling the motion at the time it was made was an error. The affidavits in support of the motion for a continuance did not show such a physical condition of plaintiff in error that it could not reasonably be supposed he would be able to be present at the trial, which occurred only five days earlier than the time to which the continuance was asked.

The objection to the validity of the Municipal Court act is that it was not passed in accordance with the requirements of the constitution, in that certain amendments offered by a conference committee of the two houses of the General Assembly were not printed before the passage of the act. We considered this question in *Richter* v. *Burdock,* 257 Ill. 410, and held that it is not now open to review.

There is no dispute about the goods having been furnished to or upon the orders of Swan nor of the prices charged for them, but plaintiff in error contends that goods were furnished Swan of a character not authorized by his directions to defendants in error and that goods were furnished others on Swan's orders that were not authorized. Plaintiff in error testified he only authorized defendants in error to let Swan have groceries and supplies for the table. This is contradicted by defendants in error. This was a question of fact to be determined by the trial court. With-

out setting out the testimony or its substance, it is sufficient to say we have examined it, and are of opinion the judgment is not contrary to the weight of the testimony.

The judgment is therefore affirmed.

*Judgment affirmed.*