## David B. Jones, Appellant, v. Renault Selling Branch, Appellee.

### Gen. No. 22,732.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed March 26, 1917.

### Statement of the Case.

Action by David B. Jones, plaintiff, against Renault Selling Branch, a corporation, defendant, to recover a deposit of $1,500 made on a contract for the purchase of an automobile which, after inspection, plaintiff refused to accept. From a judgment for defendant, plaintiff appeals.

KELLY, HALE, DAMMANN & COOLIDGE, for appellant; J. F. DAMMANN, JR., of counsel.

BURRY, JOHNSTONE & PETERS, for appellee; G. M. PETERS, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 357*—*when instruction on burden of proof in action to recover payment made on purchase price of automobile is erroneous.* In an action to recover money paid on the purchase of a new automobile, where the plaintiff claimed that the chassis of the car delivered was not new, *held* that an instruction that the plaintiff had the burden of showing that the chassis was "a used and second-hand chassis," and that unless he so showed he could not recover, was erroneous, as from the evidence the jury could reasonably understand that "a used and second-hand chassis" was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

one that had been sold or used by a purchaser, which was not the charge made, and as such instruction omitted the important elements of age and wear.

2. SALES, § 114*—*what does not constitute performance of contract for sale of a new automobile.* Where defendant agreed to sell plaintiff a new automobile, *held* that he could not avoid his obligation by furnishing a car worn by showing it to prospective purchasers or moving it from place to place for providing equipment "and similar purposes," as such use alone might so wear a car as to materially impair its operation.

· 3. SALES, § 357*—*when instruction on right of recovery in action to recover money paid on purchase of new automobile is erroneous.* In an action to recover money paid on the purchase of a new automobile based upon a claim that the car furnished was, from age and wear, from whatever cause, not new, *held* that an instruction that even if the uses wore the automobile to the breaking point the plaintiff could not recover was erroneous, as if the jury should believe that the use and wear had been shown to be more than reasonably should be in a new car of the kind and price, plaintiff would be entitled to recover.

4. PLEADING, § 1*—*what time governs as to determination of rights of parties.* Where no supplemental pleadings are filed, the rights of the parties must be determined according to the facts existing at the time the action was commenced.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.