(No. 37205.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDDIE PALMER, Plaintiff in Error.

*Opinion filed March 22, 1963.*

Thomas D. Nyhan, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Edward J. Hladis and Thomas A. Hett, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

The defendant, Eddie Palmer, was indicted in the criminal court of Cook County on charges of unlawful sale, possession and dispensing of narcotics. He was tried by the court upon waiver of jury, found guilty and sentenced to the penitentiary for a term of not less than ten years nor more than ten years and one day.

The defendant now brings this writ of error contending that his waiver of a jury trial was not expressly and understandingly made; that he was deprived of adequate representation by counsel; and that the actions of the trial court deprived him of a fundamentally fair trial. Defendant does not question the sufficiency of the evidence to sustain the conviction.

The record discloses that the judge and counsel engaged in colloquy prior to the beginning of the trial, wherein defendant's counsel said: "We'll be ready for trial. I'm not

sure yet whether it will be bench or jury." The court said: "You better make up your mind", whereupon counsel rejoined, "Well, as of now, jury, if I'm compelled to make up my mind immediately. I was going to ask for a conference with the State's Attorney". Such a conference was held. Defense counsel initiated proceedings with a motion to exclude witnesses. The judge then said: "Mr. Palmer, no doubt counsel has explained it to you, you have a constitutional right to have a jury trial and it is a right you can waive, and if you do waive it, it is then the duty of the judge to hear the evidence and determine your guilt or innocence. Is that what you want to do?" The defendant said, "Well, I don't know about these things". His counsel then said, "We'll say yes for the record. I explained that to you, didn't I?" Defendant Palmer answered, "Yes, you did".

It is true that it is the duty of the trial court to see that an accused person's election to forego a trial by jury is not only expressly, but also understandingly made. (*People* v. *Fisher,* 340 Ill. 250.) However, there is no precise formula to judge whether a waiver is understandingly made. It is apparent from the record that defendant's right to a jury trial was explained to him by his counsel, and the defendant through his counsel waived that right in defendant's presence. We feel that the trial court was correct in determining that defendant expressly and understandingly waived his right to trial by jury. *People* v. *Surgeon,* 15 Ill.2d 236; *People* v. *Morris,* 3 Ill.2d 437.

The second point the defendant makes is that he was deprived of adequate representation by counsel, and he suggests three particulars in which his lawyer failed to represent him properly. He contends that his counsel failed to move to suppress evidence of money and narcotics; that his counsel failed to require identification of three material witnesses; and that his counsel failed to make proper objections or motions to preserve error in the record.

In this case, defendant was represented in the trial court by counsel of his own choice. We stated in *People* v. *Morris,* 3 Ill.2d 437, 444: "Where the defendant selects his own attorney the court has held, almost without exception, that the failure of such counsel to exercise care and skill in the trial of the case does not afford a basis for reversing a judgment of conviction."

Nevertheless we have examined the record and find defendant's claim of incompetence of counsel to be without merit. As to the motion to suppress evidence, it was defendant's theory that the evidence was "planted" in his room. In this posture of the case, it was clearly a matter of judgment whether a motion to suppress should be made. A mere error of judgment does not amount to incompetence of counsel. *People* v. *Hall,* 413 Ill. 615.

The defendant alone mentioned an unknown man and two girls known only as "Lil" and "Jean", who he claimed to be material witnesses. We do not consider that the failure to find, call or further identify these witnesses can be cited as an example of incompetence of counsel. A defendant cannot obtain a reversal of his conviction for the reason that counsel of his own choice cannot find every witness conceived of by defendant. Even if the witnesses were found, there is nothing in the record to indicate their testimony would be favorable to the defendant.

We have further examined the record in relation to the alleged failure of counsel to properly preserve error, and find the contention to be without merit. Defense counsel's conduct of the trial was well within the area of the legitimate exercise of legal judgment. In addition, we have fully considered all errors alleged on this appeal.

Defendant finally contends that the trial judge's interrogation of witnesses deprived the defendant of a fair trial. It is clear that a trial judge has the right to question witnesses in order to elicit the truth or to bring enlightenment on material issues which seem obscure. (*People* v. *Wesley,*

18 Ill.2d 138; *People* v. *Marino,* 414 Ill. 445.) The propriety of such examination must be determined by the circumstances of each case, and rests largely in the discretion of the trial court. (*People* v. *Trefonas,* 9 Ill.2d 92.) This is especially true where the cause is tried without a jury, and the danger of prejudice lessened.

We have carefully examined all the questions and comments of the trial judge as shown by the record, and find that they did not exceed the bounds of propriety. The trial judge's inquiries were appropriate to his role as a finder of fact. *People* v. *Wesley,* 18 Ill.2d 138; *People* v. *Giacomino,* 347 Ill. 523.

The evidence clearly proved the defendant guilty of the crime charged; he was represented by adequate counsel of his own choice; and his trial was free from prejudicial error. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*