**422**

Meadow, Cheche & Thrasher, by Kenneth A. Winsberg, Phoenix, for petitioners.

Shimmel, Hill & Bishop, P. C., by James W. Hill, Phoenix, for respondents.

PER CURIAM.

By special action, the petitioners seek to set aside the order of the respondent Superior Court denying their motion to file an amended complaint to join additional defendants. We accepted jurisdiction.

The real party in interest, the respondent Charles T. Powers and Associates, argued to the trial court and before this Court that the facts obtained by discovery indicated that the parties sought to be joined in the amended complaint were not responsible for the accident alleged in the complaint and that the petitioners would not be able to show negligence. The petitioners argued that the facts thus far discovered would support an inference of negligence.

 Rule 15 of the Rules of Civil Procedure, 16 A.R.S., provides for liberal amendment of pleadings. The merits or facts of the controversy are not to be decided in the consideration of a motion to amend. The petitioners should have been allowed to file their amended complaint, and the factual basis of the amended complaint could then be attacked under Rule 12(b) or Rule 56.

501 P.2d 6

**Hector HERNANDEZ and Josephine Hernandez, husband and wife, Petitioners,**

**v.**

**MARICOPA COUNTY SUPERIOR COURT et al., and John DOE and Jane Doe, husband and wife, Real Parties In Interest, Respondents.**

**No. 10940.**

Supreme Court of Arizona,
In Banc.
Sept. 20, 1972.

It must be noted that the denial of the motion to amend would not serve any ultimate good purpose because the petitioners could file a separate action against the parties sought to be joined, and after the action was filed, it could be consolidated with the present action pursuant to Rule 42.

The ruling of the trial court in denying the motion of petitioners to file an amended complaint is set aside, and it is ordered that the trial court grant the motion to amend the complaint.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.