NOEL MASON MAXCY, Plaintiff-Appellee, *v.* FRONTIER FORD, INC., Defendant-Appellant.

(No. 74-360; ▉▉▉▉▉▉▉▉▉▉

Second District (1st Division)—June 27, 1975.

Stephen A. Ellis, of Ellis & Lindstedt, of Rockford, for appellant.

Noel M. Maxcy, *pro se.*

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In a small claims suit in which he appeared pro se, plaintiff recovered a judgment for damages in the amount of $495, resulting from the purchase of a motor vehicle represented as "new" but which had been driven by a previous customer for 630 miles. Defendant appeals, contending that the plaintiff was fully informed of the car's mileage, and that a motor vehicle carrying a manufacturer's certificate of origin is "new" under the laws of Illinois, regardless of the amount of mileage shown on the odometer.

The facts are not substantially in dispute. On November 30, 1973, plaintiff purchased a 1974 Ford Van for a price of $6,995, excluding the usual fees and Illinois sales tax. The retail installment sales contract described the van as "new." Plaintiff was also furnished an odometer mileage statement which showed that on the date of the purchase the vehicle had been driven 674 miles.[1] Plaintiff testified that he was fully satisfied with the van which he inspected and test drove before agreeing to buy it and had no complaints about its performance thereafter.

Plaintiff testified, however, that approximately 5 months after the purchase he met John Schneider who informed him that he had previously purchased the same van. Plaintiff offered various documents which Schneider had given to him which were admitted into evidence over defendant's objection. The copies introduced included an odometer mileage statement which showed that when Schneider purchased the van it had been driven 40 miles, and a buyer's order and invoice describing the same van as that purchased by plaintiff but for a listed price of $6,980, excluding the usual fees and sales tax. Plaintiff testified that when he received these documents he called the defendant corporation and talked

---

[1] In response to interrogatories plaintiff answered, "Before I purchased the car I asked about the 670 miles appearing on the odometer and I was told that the car was driven from the point of assembly to the dealarship [sic]." In closing argument plaintiff made the same statement without objection.

to the management who denied that the van had ever been previously sold, but who, when confronted with the document, told plaintiff he had received a new car because at the time of the sale, title had never been transferred to the previous buyer. When plaintiff had concluded his testimony at the initial hearing the court pointed out that he had failed to prove damages and granted a continuance for that purpose over defendant's objection. At the resumed trial date, a witness with some experience in the sale of automobiles testified that a van with 600 miles on it was worth "five or six hundred dollars less than a brand new" one. On cross-examination the witness conceded that the distinction between a "new" car and a "used" car in the trade was whether or not it had ever been titled; the fact that it had mileage on it was immaterial.

The general sales manager for the defendant corporation testified that the van was carried on defendant's inventory as a new vehicle because it had never previously been titled. A certified copy of the Illinois Secretary of State's record showing plaintiff to be the first person to take title to the car was admitted.

Defendant urges that we rule that a "new car" is one which bears the manufacturer's certificate of origin, irrespective of the amount of mileage which it may be acknowledged to carry, and asks that we, therefore, reverse without remand. He cites no authority to support this position.

In *Jones v. Renault Selling Branch* (1917), 204 Ill.App. 422 (abstract opinion), the plaintiff sued to recover a deposit made on a contract for the purchase of a new Renault made in France. At the time of the contract the car was in the New York sales room and upon arrival in Chicago it was inspected by plaintiff's agents who advised him that the car was not new. The plaintiff's witnesses testified that the mechanical parts of the "chassis" were so worn as to indicate that it was an old and used car which had been run from eight to ten thousand miles rather than a new one. The testimony on behalf of the defendant was that there was only that normal degree of wear incident to the usual test to which a new car is subjected and to its necessary movements in construction, assembling and marketing. There was also testimony that the car had continuously been offered for sale upon its arrival from France and had not been previously sold. A judgment for the defendant was reversed on appeal. The appellate court held that it was improper to give an instruction which wholly omitted the important elements of age and wear, for without these elements the jury could reasonably understand that a "used or second-hand chassis" was one which had been previously sold to or used by another purchaser. The court noted that plaintiff was entitled to receive a new car "virtually free from wear in its mechanical

parts," and that the defendant could not avoid its obligation by showing "that the wear in the chassis was produced by showing it to prospective purchasers or moving it from place to place for the purpose of having equipment provided," rather than the wear resulting from a prior purchase. The court stated that if the jury should believe that there was evidence showing age and wear from whatever causes or uses to a greater degree than reasonable in a new car of this kind and price, then plaintiff was entitled to recover.

Although *Jones* may be distinguished on its facts from the case before us, we find the reasoning of the opinion applicable and persuasive. We disagree with defendant's contention that a car is "new," no matter its use, wear and mileage, so long as it still carries a manufacturer's certificate of origin.[2] It may be true, as defendant argues, that when the car still bears the manufacturer's certificate of origin and, on their records, has never been individually titled, the State does not recognize any prior purchaser. This lawsuit, however, is between the seller and the buyer, and involves what a purchaser can reasonably understand a contractual representation of "newness" to mean. The fact that a car is carried as new on the records of the Secretary of State and is considered as a new car by the trade practices of automobile dealers does not decide the

---

[2] While the defendant cites no statute or authority to support its definition of a "new car," we note a definition of a "used motor vehicle" which is found in the Motor Vehicle Act (Ill. Rev. Stat. 1971, ch. 95½, par. 1—216):

"§ 1—216. *Used motor vehicle.* Every motor vehicle which has been sold, bargained, exchanged, given away, or title transferred from the person who first acquired it from the manufacturer or importer, dealer, or agent of the manufacturer or importer and so used as to have become what is commonly known as 'second hand' within the ordinary meaning thereof: Provided, that a new motor vehicle shall not be considered as a 'used motor vehicle' until it has been placed in a bona fide consumer use, notwithstanding the number of transfers of such motor vehicle. The term 'bona fide consumer use' means actual operation by an owner who acquired the vehicle for use in business or for pleasure purposes and who has been granted a Certificate of Title on such motor vehicle and has registered such motor vehicle, all in accordance with the laws of the residence of the owner."

While the definition in terms of the grant of a certificate of title and registry would appear to give some support to defendant's theory, we do not find it applicable to an action by the buyer against the seller charging misrepresentation or fraud. According to the Committee Comments the purpose of defining "bona fide consumer use" is to prevent "bootlegging" of new cars by new car dealers in times of over supply and to eliminate the sale of new cars which have merely been titled as "used cars" by used car dealers. See Ill. Ann. Stat. ch. 95½, § 1—216, Committee Comments (Smith-Hurd 1971). See also *Salway v. Alger* (1948), 321 Mich. 211, 32 N.W.2d 505, 508.

In the same connection, it is noted that defendant's counsel has conceded in oral argument that a "demonstrator" would not be considered a "new car" in trade practice even though it bears a manufacturer's certificate of origin.

issue. When a car is sold as "new," the purchaser is entitled to receive a car which does not show age and wear from whatever cause to a greater degree than reasonably may be expected in a car of the kind and price involved. *Jones v. Renault Selling Branch* (1917), 204 Ill.App. 422.

■■ If the car has been previously sold, then recovered and sold as a new car, we conclude that the seller has the duty to so advise the purchaser, and that the failure to do so is a misrepresentation of a material fact. See *Krause v. Eugene Dodge, Inc.* (1973), 265 Ore. 486, 509 P.2d 1199, 1208.

In *Krause*, a current model car, which had been sold to a purchaser in return for a bad check, was driven to Illinois and then back to Oregon, a distance of over 5,000 miles. The car was then resold by the dealer as a new car. The dealer argued that in selling the car as "new" he was acting in accordance with the trade meaning of the word among automobile dealers. In upholding a verdict for the second purchaser, however, the court held that when one purchases a car represented as a "new car" he is entitled to understand those words in their ordinary meaning in the absence of evidence that he understood and intended that term to have some other meaning, such understanding and intention being a jury question. In *McInnis & Co. v. Western Tractor & Equipment Co.* (1964), 63 Wash. 2d 652, 388 P.2d 562, 566, the court noted that there was no merit in the contention that a tractor and scraper were still "new," although "demonstrated" some 68 hours. See also Annot., 36 A.L.R. 3d 125 § 17.

■■ The fact that this defendant represented that he was selling a new car and received the price for a new car is not disputed. And it is clear from the cited authorities, which we consider persuasive in their reasoning, that whether a car is "new" is an issue to be decided by the trier of facts under the particular circumstances of each case and not by a mechanical application of the motor vehicle laws. Here, the judge as the trier of fact could properly weigh the evidence that the mileage shown on the car was greater than reasonably should have been expected in the van if new and could thus conclude that the car was not "new" as represented. The fact that the seller informed the purchaser of the mileage under the particular circumstances does not force the conclusion that there was no misrepresentation of a material fact bearing on the price that the purchaser might be willing to pay in the belief that he is buying a new car, not one which has been previously sold to another. The misrepresentation may be found in the dealer's assurance that the car was new together with his failure to disclose the previous sale. The finding of the trial court on this issue is supported by the evidence.

The failure of the alleged first purchaser to testify so that there was

no opportunity for defendant to cross-examine him, is also urged as error. Defendant argues that the judge was motivated to relax the rules of evidence because the plaintiff appeared pro se and the defendant as a corporation appeared by attorney (as it was required to do). Defendant particularly argues that private records are hearsay and thus not generally admissible without testimony by the person making the entries therein, citing, e.g., *Messina v. Zody* (1973), 13 Ill.App.3d 566.

We agree that the copy of the previous sales agreement which defendant objected to as hearsay was a private writing which required authentication under usual rules of evidence. The plaintiff testified that he brought the documents to Mr. Smith, one of the owners of the defendant corporation, who, after he saw them, acknowledged that the car had been previously sold but said that that could not make any difference. Verbal admissions of an adverse party as to the contents of writings have been held admissible, generally, to prove the terms of a writing. (See McCormick, Handbook of the Law of Evidence § 242 (2d ed. 1972).) However, an early decision in Illinois to the contrary has apparently not been directly overruled. See *Prussing v. Jackson* (1904), 208 Ill. 85, 97.

■■ If the rules of evidence as interpreted in *Prussing* are to be most strictly followed we must agree with defendant that the court erred in admitting the documents showing the prior sale. The ruling, however, was in the course of a small claims action (Ill. Rev. Stat. 1973, ch. 110A, par. 281 *et seq.*) which is meant to provide a simplified and inexpensive procedure for small claims. (*Griffin v. Billberry* (1971), 1 Ill.App.3d 219, 221.) The procedures are required to be orderly, however, and the rules of evidence are applicable. *Croft v. Lamkin* (1969), 112 Ill.App.2d 321, 329.

■■ In applying the rules of evidence in an orderly fashion yet without the strictness required in other than small claims actions, we find no reversible error here. The objection to the evidence of the documents establishing the prior sale of the van by the defendant was more technical than real. Defendant had been previously notified in answers to interrogatories of the fact that plaintiff had the first purchaser's copies of these papers. Defendant's counsel has made no claim in oral argument that the proferred documents were incorrect. And in defendant's theory of the case it was assumed that the prior sale made no difference in the determination of whether the car sold was a new car (*i.e.*, one which still had the manufacturer's certificate of origin). We are satisfied that the procedure below was an orderly one and that the rules of evidence, though not strictly adhered to, were sufficiently honored to insure the truth of plaintiff's claim that there had been the prior sale.

We also find that the amount of damages awarded has been substantiated by the opinion evidence.

For the reasons stated we affirm the judgment.

Affirmed.

GUILD and HALLETT, JJ., concur.