Irene Shumak, Plaintiff-Appellee, *v.* Alan Shumak, Defendant-Appellant.

(No. 73-403;

Second District (2nd Division)—July 17, 1975.

Edward Diedrich and Wayne J. Jarvis, both of De Kalb, for appellant.

Charles F. Scott, of Waukegan, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

After a bench trial the Circuit Court of Lake County granted the plaintiff Irene Shumak a divorce on the ground of mental cruelty. The court found that plaintiff had special equities in the marital residence and awarded her two-thirds. Defendant husband appeals contending:

    I. That plaintiff failed to present sufficient evidence to establish lack of provocation.

    II. That special equities were not proved or pleaded.

    III. That the trial court abused its discretion in denying defendant's motion to continue the hearing on his post-trial motion.

## I.

The court in *Stanard v. Stanard*, 108 Ill.App.2d 240, concluded that the plaintiff was required when charging mental cruelty to allege and prove that the acts and conduct of the defendant were without provocation on the part of the plaintiff. An allegation of lack of provocation was deemed to be an essential allegation of the cause of action. Absent such an allegation the complaint failed to state a cause of action and therefore the trial court was without jurisdiction to enter a decree.

In *Standard* the complaint was filed before August 14, 1967. The Divorce Act was amended, effective August 14, 1967, to add section 8a (Ill. Rev. Stat. 1967, ch. 40, par. 9a), providing as follows:

> "In every action for a divorce commenced on or after the effective date of this amendatory Act of 1967, the fault or conduct of the plaintiff, unless raised by the pleadings, is not a bar to the action nor a proper basis for the refusal of a decree of divorce."

Accordingly, in *Del Rosario v. Del Rosario*, 133 Ill.App.2d 8, 12, it was said:

> "As we have pointed out, in his answer the defendant did not admit the beatings occurred but denied they were unprovoked; he denied each and every allegation of plaintiff's paragraph 7. He thereby denied that, provoked or unprovoked, he struck and burned his wife at all   \*   \*   \*. If he wished to establish provocation as an issue, he should have followed the statutory requirement of Section 9(a) of the Divorce Act and admitted the acts, but raised the fault of plaintiff as a defense."

Although not necessary to the opinion, *Stanard* (at 248) stated that section 8a was not intended to alter what might or might not constitute physical or mental cruelty. If the defendant's conduct was sufficiently provoked, that conduct was not a ground for divorce, *i.e.*, mental cruelty that has been provoked simply does not give rise to a cause of action; provocation is not an affirmative defense but merely proof that an element of plaintiff's prima facie case, the existence of cruelty, does not exist.

The *Del Rosario* opinion which holds provocation to be an affirmative defense has never been followed or even cited by the courts. The dictum of *Stanard* as applied to section 8a has apparently become law. (*Akin v. Akin*, 125 Ill.App.2d 159; *Farnbach v. Farnbach*, 1 Ill.App.3d 74, 77; *Fleener v. Fleener*, 133 Ill.App.2d 118, 121; *McCarrel v. McCarrel*, 17 Ill.App.3d 1034, 1039; *Bilsky v. Bilsky*, 18 Ill.App.3d 329, 333; *Rey v. Rey*, 23 Ill.App.3d 274, 275; *Gregory v. Gregory*, 24 Ill.App.3d 436, 321 N.E.2d 122.) Not one of these cases considered section 8a. Recrimination and condonation had been considered affirmative defenses. Why did the legislature pass the amendment?

In the instant case the complaint stated,

"* * * all of the following acts being without cause or provocation on the part of the plaintiff * * *."

At the trial of the case on at least six occasions after testifying to an act or acts of mental cruelty plaintiff was asked, "Did you give him any cause or provocation to act in this manner?" Her reply to each was, "No, not ever." She was never cross-examined on the point. On appeal defendant argues that this evidence is insufficient as a matter of law to sustain the burden of proof required to prove lack of provocation.

In some instances it is necessary for a pleader to negative the existence of certain facts in stating his cause of action. The burden of proof of a negative allegation which is essential to the cause of action rests upon the party who pleaded it; the burden is not to be shifted from him because of the difficulty in proving a negative. (*Abhau v. Grassie*, 262 Ill. 636.) However, where a particular fact necessary to be proved rests peculiarly within the knowledge of one of the parties it is his duty to come forward with the proof. If he fails to do so, an inference or presumption is raised that the evidence, if produced, would be unfavorable to his cause. (*Great Western R.R. Co. v. Bacon*, 30 Ill. 347.) Similarly, it is the rule that where a party has the means in his power of rebutting and explaining evidence adduced against him the omission to do so furnishes a strong presumption or inference that he cannot do so. (*Cartier v. Troy Lumber Co.*, 138 Ill. 533.) The natural conclusion is that the truth, if produced, instead of rebutting, would tend to sustain the charge.

(*Mammoth Oil Co. v. United States*, 275 U.S. 13, 72 L.Ed. 137, 48 S.Ct. 1.) It is very generally held that where the party who has not the general burden of proof possesses positive and complete knowledge concerning the existence of facts which the party having the burden is called on to negative, the burden rests on him to produce the evidence. *Southwest Federal Savings & Loan Association v. Cosmopolitan National Bank*, 23 Ill.App.2d 174; 31A C.J.S. *Evidence* § 113 (1964).

Further, there is authority in Illinois that a party is not required to make plenary proof of a negative averment. It is enough that he introduces such evidence as, in the absence of countertestimony, will afford reasonable ground for presuming the allegation is true; and when this is done the *onus probandi* will be thrown on his adversary. *In re Estate of Sandusky*, 321 Ill.App. 1, 13; *Levine v. Pascal*, 94 Ill.App.2d 43, 55.

■■■ In the instant case the probative effect of plaintiff's testimony was enhanced by the silence of her opponent on the issue. It was for the trial court to determine whether sufficient provocation existed. (*Hoffmann v. Hoffmann*, 40 Ill.2d 344, 349.) We cannot say that the trial court erred.

## II.

Defendant contends that the decree directing conveyance of a portion of jointly held real estate cannot be sustained because special equities were not pleaded or proved.

The statute involved herein is section 17 [1] of the Divorce Act (Ill. Rev. Stat. 1967, ch. 40, par. 18) which provides:

> "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

■■ This section is commonly called the "special equity" section. It empowers the court to direct the transfer of a property interest from the spouse holding title to the requesting spouse upon the latter's allegation and proof of equitable ownership in the property claimed. It is usually imperative that the party claiming the interest plead with specificity allegations of the equities that, if proven, would allow the court to order a conveyance. In the absence of such a plea the court's hands are tied. It cannot direct a transfer under section 17 even upon facts shown by the evidence to demonstrate equitable merit otherwise sufficient to warrant a divesture of the holding spouse's interest in the property. New-

---

[1] Hardly any of the sections of the Divorce Act have the same paragraph number.

mark, *Property Rights in Divorce*, 62 Ill. B. J. 242 (1974); *Persico v. Persico*, 409 Ill. 608, 610; *Gerhardt v. Gerhardt*, 18 Ill.App.3d 658, 662.

In the instant case the complaint asked that the property be awarded to her "because of her special equities therein." This is certainly not a specific allegation of facts. But defendant did not object to the sufficiency of the pleading in the trial court. He filed an answer which "denies that plaintiff has any special equities therein * * *." The pleadings were considered settled, and the parties agreed that the question of the property rights involved be submitted to the court for hearing. The court then proceeded to a hearing of the evidence. The property interest of the parties was put in issue by the pleadings, imperfect as they were. No objection was made. By answering the complaint and going through trial without any objection which would raise questions as to the sufficiency of the complaint, thus treating the complaint as if sufficient, defendant waived the right to raise the question of insufficiency in this court. *Balswic v. Balswic*, 179 Ill.App. 118, 125, *Fowler v. Fowler*, 26 Ill.App.3d 313, 325 N.E.2d 98, 100; *c.f. Chmiel v. Chmiel*, 399 Ill. 91, 95.

In the cause before us the trial court determined that plaintiff was entitled not only to her one-half joint tenancy interest but an additional 16⅔% interest because of the method by which the property was acquired.

Plaintiff testified that her mother wanted to give her 5 acres of a 50-acre tract which was mortgaged. The mortgagor insisted on a payment of $1000 to the mother. Plaintiff had some endowment policies acquired long before the marriage. She cashed these policies in amount of $2700 and used this money to pay her mother and put the balance of the money toward building a first home. Title to the 5 acres was placed in joint tenancy. Three houses were built on the land with joint labor and joint income of the parties. The marital home was built on the last acre using funds derived from the sale of the other dwellings and by joint labor of each party.

The plaintiff wife brought 5 acres and an additional $1700 to this marriage over and above the husband's contribution. Even if a gift were intended the trial court has power, without regard to the question of the gift being voluntary or otherwise, to make an equitable division between the parties. *Bissett v. Bissett*, 375 Ill. 551.

The trial court acted within the powers vested in it in entering the decree. The evidence was ample to support its determination, and it is not for us to substitute our findings for those of the trial court unless such are clearly and manifestly against the weight of the evidence. Such is not the circumstance here.

### III.

The decree herein was entered August 2, 1973. On August 31, 1973, a new attorney filed an entry of appearance as additional counsel for defendant and also filed a post-trial motion.

The post-trial motion was set for hearing. On September 17 the new attorney moved to continue the hearing on the ground that he had no time to prepare argument as he was not able to get a transcript of testimony from the court reporter who gave affidavit to that effect. The trial judge denied the motion to continue and denied the post-trial motion.

Defendant now argues that the denial of the continuance is reversible error as a matter of law because he was denied the right to prepare for the argument of the post-trial motion.

■■ A motion for continuance except where based on a statutory cause is addressed to the sound judicial discretion of the trial court; and the exercise of such discretion will not be interfered with by the appellate tribunals unless there has been a manifest abuse of such discretion. (*Reecy v. Reecy*, 132 Ill.App.2d 1024.) Any abuse of such discretion is reversible as any other error committed that works palpable injustice. (*Hearson v. Graudine*, 87 Ill. 115.) But, the denial or refusal of a continuance is not a ground for reversal where the party complaining is not prejudiced thereby. *Kennedy v. Neeves*, 258 Ill. 24; *Schroeder v. Busenhart*, 133 Ill.App.2d 180.

■■ Defendant has not shown prejudice in this court. The original report of proceedings was filed September 24, 1973, and is part of the record herein. In nonjury civil cases neither the filing of nor the failure to file a post-trial motion limits the scope of review. (Supreme Court Rule 366(b)(3)(ii), 50 Ill.2d R. 366(b)(3)(ii).) In a nonjury civil case, failure to include a point in the post-trial motion does not preclude its being raised on appeal. *City of Chicago v. Mid-City Laundry Co.*, 8 Ill.App.3d 88.

The judgment is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.