SARA DEMEO et al., Plaintiffs-Appellees, v. RICK MANVILLE, Defendant-Appellant.

Second District    No. 77-543

Opinion filed February 20, 1979.

NASH, J., dissenting.

Alonzo H. Zahour, of Bolingbrook, for appellant.

Garrett S. Reidy, of Berwyn, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is a small-claims action involving the death of plaintiffs' show dog. On September 5, 1976, defendant Manville visited plaintiffs and pulled his car into their driveway. He went inside the house and notified plaintiff Demeo that one of her two dogs tied outside was injured and bleeding. Defendant alleged that the dogs were fighting. He assisted Demeo by taking her and the injured dog to a veterinarian. The vet examined the dog and took X rays; he concluded from his examination that the dog should be put to sleep, which was done.

Plaintiffs filed in small-claims court to recover the value of the dog, alleging that defendant ran over the dog with his car. Trial was set for November 9, 1976; the defendant and plaintiff Demeo were present that day, but the trial court continued the cause for one week. Trial resumed on November 16 and produced the following evidence: the vet opined that the cause of death was from a car accident or could have been from a clubbing; plaintiff Baron saw blood and hair in the driveway for a length of one to two feet; the dog had a broken back and severe abrasions on its stomach; there was also blood on the grass near the tree which the dog was tied to; and defendant denied running over the dog, a fact also testified to by defendant's six-year-old nephew who was in the car at the time. The trial court held for plaintiffs and stated that it based its decision largely on the credibility of the witnesses; plaintiffs were awarded $565 and costs although this was later reduced to $500 and costs.

■■ We note that the trial court made a determination of liability in this cause; since the question of liability has not been preserved in the defendant's post-trial motion, we do not consider that this issue is before the court and therefore it is not discussed in this opinion.

■■ Defendant first contends that the trial court abused its discretion by continuing the date of trial and that plaintiffs failed to provide affidavits or a statement of good cause in support of the continuance. Supreme Court Rule 286 (Ill. Rev. Stat. 1975, ch. 110A, par. 286) provides that trial will be on the day set for appearance unless otherwise ordered; Supreme Court Rule 231(e) (Ill. Rev. Stat. 1975, ch. 110A, par. 231(e)) allows the court to continue a cause on its own motion; and the record does not seem to show that the continuance was other than on the court's motion. Since defendant has neither shown nor alleged prejudice from the delay of one week, we find no reversible error here.

■■ Defendant next contends that it was error to allow the vet to testify about the X rays without producing them and laying a foundation for their accuracy. Under the circumstances of this case there are factors which must be considered which, when weighed as a whole, provide a basis for both the reliability of the testimony and for the court's decision to allow the testimony to be given: first, this is a small claims action; second, plaintiffs were without counsel in the trial court; third, the vet relied on the X rays in his treatment; and fourth, the vet's opinion as to the cause of the injury was based on factors in addition to those which could be determined from an examination of the X ray. Although the rules of evidence apply to small claims cases, they are not applied with the strictness required in non-small-claims cases. (*Maxcy v. Frontier Ford, Inc.* (1975), 29 Ill. App. 3d 867, 331 N.E.2d 858.) In our view, considering all of these factors as a whole, we believe that defendant was not prejudiced by admission of the testimony about the X rays.

■■■ Next, defendant urges that plaintiff was not qualified to testify as to the dog's value. In a suit to recover for the killing of a dog, the trier of fact should be allowed to consider the dog's value based on evidence of its qualities as well as commercial value and loss of services. (*Spray v. Ammerman* (1872), 66 Ill. 309.) Plaintiff here testified that the dog cost $200 as a pup, was one year old at death, appeared in four shows and won first prize in each, and that the sire was an international grand champion. This is evidence showing a familiarity with the dog's qualities and commercial value and we accordingly view it as competent testimony.

■■ Defendant next contends that the trial court erred in the extent and manner by which it examined witnesses. Almost all questioning as part of plaintiffs' case and cross-examination was done by the court, and defendant urges that the court therefore assumed the role of an advocate. Clearly, the trial court has the right to question witnesses within its discretion and based upon the circumstances of each case, especially in a bench trial. (*People v. Palmer* (1963), 27 Ill. 2d 311, 189 N.E.2d 265.) Considering the nature of the case, that plaintiffs had no attorney and that defendant did, and on examining the record and transcripts, it appears that the court did not become an advocate and that it acted within its discretion.

■■ Defendant also argues that the judgment is against the manifest weight of the evidence as to ownership of the dog and causation of death. This position is based on the fact that defendant presented direct testimony while plaintiffs' case is based on circumstantial evidence. We note that the trial court's decision was based largely on the credibility of the witnesses; that there was a basis in the evidence for its decision, and that the opposite conclusion is not clearly evident. The judgment is accordingly not contrary to the manifest weight of the evidence.

Defendant next contends that it was error to allow the vet to testify as to the cause of the injury, characterizing the testimony as reconstruction testimony. Examination of the transcript shows that this was not the nature of the testimony. There was no effort to provide a reconstruction of the accident; the vet testified that based on his experience in treating injured dogs, this injury appeared to be caused by an automobile accident. The vet's experience in treating injuries provides an adequate basis for his opinion here.

■■ Finally, defendant urges that it was error for the court to increase the damages requested. Plaintiffs requested $500 and the court initially awarded $565, the extra amount apparently to compensate for the vet's service in putting the dog to sleep. The increase was brought to the trial court's attention and it indicated that only the $500 amount would be awarded. The record includes an order that defendant pay a judgment balance of $500 plus costs of $37 in installments of $20 per month. This issue is therefore moot.

The judgment of the circuit court of Du Page County is accordingly affirmed.

Affirmed.

SEIDENFELD, J., concurs.

Mr. JUSTICE NASH, dissenting:

I respectfully dissent. The majority do not consider the issue of defendant's liability in this case, stating it has not been preserved for review in his post-trial motion. I believe that issue is properly before us and should be considered.

Supreme Court Rule 366(b)(3) governs the scope and procedure on review in nonjury cases and provides, in part:

"(i) * * * The sufficiency of the evidence to support the judgment is subject to review without formal action to preserve the question.

(ii) *Post-Trial Motions.* Neither the filing of nor the failure to file a post-trial motion limits the scope of review." (Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(3)(i)(ii).)

It seems apparent that the failure to include a point in a post-trial motion in a nonjury case does not preclude raising it on appeal. (*Shumak v. Shumak* (1975), 30 Ill. App. 3d 188, 193, 332 N.E.2d 177, 182.) Nor can it be said in this case that the issue of the sufficiency of the evidence to support the trial court's determination of liability on the part of defendant was not first presented to the trial court for its consideration, thus precluding its consideration on appeal. (See generally *Kravis v. Smith*

*Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) Plaintiffs' complaint in this small claims action simply stated that defendant was indebted to them in the sum of $500 for personal property damages regarding the death of a dog which defendant ran over and killed in plaintiffs' driveway. Defendant answered, denying both killing the dog and being indebted to plaintiffs. The matter was tried before the court and defendant's motions for directed verdicts made at both the close of plaintiffs' case and at the close of all the evidence were denied by the trial court without hearing argument. In his closing argument to the trial court, however, defendant contended there was "no showing of any negligent conduct on the part of the defendant," and suggested plaintiffs may have been contributorily negligent in tying the dog near the driveway where it could be injured by a visitor to plaintiffs' home. The trial judge stated that this case was not a negligence or tort action, concluded that the plaintiffs' version of the facts (that defendant did strike the dog with his car) was most creditable and entered judgment for plaintiffs. While he was not required to do so, defendant filed a post-trial motion in which he stated the judgment was contrary to the law and against the manifest weight of the evidence and argued to the trial court that these contentions were based upon his earlier objections made to the court.

In his brief and argument on appeal defendant again presents the issue to us that plaintiffs failed to prove that any conduct on his part violated any duty owed to plaintiffs and they thus failed to sustain their burden of proof.

It is axiomatic that any cause of action sounding in negligence must be supported by evidence of a duty which has been breached by a negligent act. There is no evidence of negligent conduct on the part of defendant seen in this record. If all conflicts in the testimony are resolved in favor of plaintiffs the conclusion can go no further than a determination defendant accidentally ran over plaintiffs' dog who was tied in such a manner that it could run out onto the driveway. The trial court rejected consideration of a negligence theory of liability urged by defendant and apparently then applied a theory of absolute liability in its determination.

In any event, even should we feel that the issue of the sufficiency of the evidence to support the trial court's determination of liability against defendant was not presented to it and thus not preserved for our consideration, all of the facts necessary for a review of that issue are found in the record before us and may be considered if we believe that necessary in the interest of justice (*Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 520, 337 N.E.2d 23, 27-28, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 178, 96 S. Ct. 1669), and I would do so in this case.