601 P.2d 1349

**Louis SCHMIDT and Janice Schmidt, his wife, Appellants,**

v.

**MEL CLAYTON FORD, an Arizona corporation; and DOES I–X, Appellees.**

**No. 1 CA–CIV 4065.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 28, 1979.

Rehearing Denied Aug. 28, 1979.

Review Denied Oct. 2, 1979.

H. Jeffrey Coker, Flagstaff, for appellants.

Jennings, Strouss & Salmon by Gary L. Stuart, Neil Vincent Wake, Phoenix, for appellees.

## OPINION

**WREN, Presiding Judge.**

This appeal arises from an action for common law fraud filed by plaintiffs Schmidts (appellants), against defendant Mel Clayton Ford (appellee). The trial court granted appellee's motion for summary judgment and appellants filed a timely notice of appeal. We reverse and remand.

In August, 1976, appellants purchased a "new" 1976 Ford pickup truck from appellee. After the sale was complete, appellants discovered that the truck had previously been in the possession of another buyer who, having allegedly experienced engine problems with the truck, had returned it to appellee. Appellants' complaint alleged that the truck which they had purchased had been represented by appellee as a "new" vehicle when in fact it had been previously sold to another buyer. Appellee's motion for summary judgment, which was granted, argued that there was no fraud since the truck was "new" inasmuch as no prior sale had been consummated, no prior application for title had been processed, and the truck carried a Ford Motor Company new truck warranty.

The single issue on appeal is whether the truck in question was a "new" vehicle. In reviewing a summary judgment, the appellate court must view the evidence in a light most favorable to appellant and give appellant the benefit of all inferences reasonably drawn therefrom. *Nationwide Mutual Insurance Company v. Granillo,* 117 Ariz. 389, 573 P.2d 80 (App.1977). The court must review the whole record which includes examination of interrogatories and depositions. *Morrell v. St. Luke's Medical Center,* 27 Ariz.App. 486, 556 P.2d 334 (1976). The slightest doubt as to the existence of issues of fact should be resolved in favor of a trial on the merits. *Jabczenski v. Southern Pac. Memorial Hospitals,* 119 Ariz. 15, 579 P.2d 53 (1978). Consequently, if we find that there exists a material question as to the status of the truck, we must reverse and allow the appellant a chance to prove his case.

Actionable fraud requires a concurrence of all nine elements of fraud. *Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966). The requisite elements are:

(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Town and Country Chrysler Plymouth v. Porter,* 11 Ariz.App. 369, 371, 464 P.2d 815, 817 (1970). A single material fact may be sufficient to establish fraud. *Sarwark Motor Sales, Inc. v. Husband,* 5 Ariz.App. 304, 309, 426 P.2d 404, 409 (1967).

Appellants base their fraud action on appellee's representation that the purchased vehicle was "new". Appellants argue that this representation was false since the pickup had been previously sold to another buyer. Appellee defends on the grounds that the truck had not been previously sold, that it was a new truck, and, therefore, that there was no false representation.

We do not agree with appellee that the absence of any title transfer precludes a finding that the vehicle was anything but new. If such were the case, all demonstrators used by salesmen and company executives could, no matter how extensively they have been used, be sold as new cars since no title transfer would have occurred. *Madisons Chevrolet, Inc. v. Donald,* 109 Ariz. 100, 505 P.2d 1039 (1973) involved the sale of a "new executive demonstrator" which had been driven by sales personnel of the defendant and had not been previously registered. Discovering after the sale that the vehicle had been wrecked in a previous accident and that the defendant had made the necessary repairs, the plaintiff sued for fraudulent misrepresentation. The defendant defended on the grounds that the salesman had not deliberately concealed the prior damage and repairs and therefore there was a mere nondisclosure and not a fraudulent misrepresentation. The Supreme

Court held the action viable, finding that the nine elements of fraud had been satisfied and that the action could have been based on either fraudulent concealment or fraudulent misrepresentation. We find a similar extant duty of disclosure here. The fact that a vehicle has not been registered does not affect the duty to disclose its prior history.

■ We agree with the reasoning and conclusion of the factually similar case of the Illinois Appellate Court, *Maxcy v. Frontier Ford, Inc.*, 29 Ill.App.3d 867, 331 N.E.2d 858 (1975). In *Maxcy* the defendant contended that a car is "new" no matter what its use, wear and mileage, so long as it still carries a manufacturer's certificate of origin. When the plaintiff confronted the defendant corporation with a prior owner's buyer's order and invoice, the defendant maintained that the plaintiff had indeed received a new car because at the time of the sale title had never been transferred to the previous buyer. The court concluded that:

> [t]he fact that a car is carried as new on the records of the Secretary of State and is considered as a new car by the trade practices of automobile dealers does not decide the issue. When a car is sold as "new," the purchaser is entitled to receive a car which does not show age and wear from whatever cause to a greater degree than reasonably may be expected in a car of the kind and price involved.

331 N.E.2d at 861. (Citation omitted). We agree with the *Maxcy* court that "whether a car is 'new' is an issue to be decided by the trier of facts under the particular circumstances of each case and not by a mechanical application of the Motor Vehicle Laws." *Id.*

■ The word "new" is defined in Webster's Third New International Dictionary at 1522 as "being other than the former or old: having freshly come into a relation (as use, connection, or function)." Since the appellee is as aware of the common use of the word "new" as the appellants, we do not find the absence of a requisite element in fraud (knowledge of the falsity of a representation) which appellee alleged. We rule, therefore, that there does exist an issue of fact as to the status of the vehicle and reverse and remand for further proceedings not inconsistent with this opinion.

Appellants also contend that the trial court erred in denying their motion to amend their complaint to add both a charge of violation of the Arizona Consumer Fraud Act, A.R.S. §§ 44–1521–1534, and another defendant. The court concluded that the uncontroverted evidence was "dispositive" of the proposed amended complaint. Such a ruling cannot stand in light of our Supreme Court's decision in *Hernandez v. Maricopa County Superior Court*, 108 Ariz. 422, 501 P.2d 6 (1972). *Hernandez* was a special action through which the petitioners sought to set aside the order of the respondent court denying their motion to file an amended complaint to join additional defendants. The respondent argued that petitioners would not be able to prove the allegations contained in the amended complaint. The court granted petitioners relief stating:

> Rule 15 of the Rules of Civil Procedure, 16 A.R.S., provides for liberal amendment of pleadings. The merits or facts of the controversy are not to be decided in the consideration of a motion to amend. The petitioners should have been allowed to file their amended complaint, and the factual basis of the amended complaint could then be attacked under Rule 12(b) or Rule 56.

108 Ariz. at 422, 501 P.2d at 6.

■ We are of the opinion that the motion to amend should have been granted. The function of pleadings is to give notice and amendments, as mentioned above, are to be liberally granted. In *Green Reservoir Flood Control District v. Willmoth*, 15 Ariz. App. 406, 409, 489 P.2d 69, 72 (1971), we stated:

> As long as the amended complaint refers to the same transaction or occurrence, defendant being put on notice by the first complaint, the amendment will be allowed even though new defendants or new theories are introduced.

Finally, we do not agree with appellee's assertion that appellants failed to comply with Rule 5(b)(9), 17A A.R.S. Sup.Ct. Rules,[1] and therefore, have not preserved for appeal the question of their amended complaint. Rule 5(b)(9) provides that the appellant's brief "shall contain a short and clear statement disclosing: . . . An argument exhibiting clearly the points of fact and of law to be presented and citing the authorities relied upon in support thereof. . . ." Appellee cites *Gillard v. Estrella Dell I Improvement District,* 25 Ariz.App. 141, 541 P.2d 932 (1975) as support for its contention of appellants' noncompliance. We have no difficulty distinguishing *Gillard* inasmuch as there the court noted that the "appellants [had] failed to discuss their third amended complaint or to show how it differed from any of their earlier complaints." 25 Ariz.App. at 149, 541 P.2d at 939. Pleading amendments concern a rather preliminary stage of civil procedure, and while the discussion of this issue in appellants' opening brief is not a model of clarity and explication, it is sufficient to satisfy the requirements. We rule that the motion to amend the complaint should be granted.

The summary judgment is reversed and this matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

DONOFRIO and CONTRERAS, JJ., concur.

---

1. Since the Notice of Appeal was filed on September 12, 1977, rule 5(b)(9), 17A A.R.S. Sup.Ct. Rules is applicable; in all cases in which the Notice of Appeal was filed after January 1, 1978, the applicable rule is rule 13(a)(6), 17A A.R.S. Civil Appellate Proc. Rules.