## MARSHALL L. ETCHISON

### *vs.*

## MAYOR AND ALDERMEN OF FREDERICK, and EMORY C. CRUM, City Surveyor.

*Municipal corporations: right to regulate streets; rights of public; abutting owners; poles and awnings; rules need not be the same for all streets. Property rights: regulations of use not a taking of property.*

An act conferring upon a municipal corporation the right "to regulate the use of sidewalks for the use of signs, sign posts, awnings, poles, trolley poles, etc.," and to prohibit "the erection of any posts, poles or wires," and to compel the removal of any posts, "poles and wires," in, over or above any streets, etc., is for the purpose of enabling the city to maintain and preserve the streets in such condition as may be most suitable for public use, and is a reasonable grant of power.     p. 287

The fundamental right of the general public, in the use of the street, is for passage over and along them.     p. 287

In the exercise of this right persons employing vehicles are primarily entitled to the use of the bed of the streets, while pedestrians have a similar priority of claim upon the sidewalks.
     p. 287

Owners of abutting lots are permitted to encroach upon the streets only to a limited extent necessary for the transaction of their business, provided they do not unreasonably interfere with the right of the general public to use the street for travel and transportation; such rights of abutting owners are permissive and subordinate.     p. 287

A municipal ordinance prohibiting awning poles on the sidewalks, while not prohibiting awnings otherwise constructed, is not objectionable on the ground of being an unreasonable and arbitrary classification.     p. 288

Such an ordinance amounts to the regulation of the method of constructing awnings and is not a prohibition of their use.
     p. 288

. The wisdom or propriety of the exercise of the powers given by legislative enactment to municipal corporations, to regulate the use of the streets and to prohibit their obstruction, must be left to the municipal authorities, unless some vested right would be impaired.                                           p. 288

While laws should be general in their operation all places in a city do not necessarily require the same local regulation.
                                              pp. 288-289

A city ordinance prohibiting awning poles on certain designated streets of the city, is not, for that reason, invalid on the ground of being discriminative or arbitrary.            p. 289

The proper regulation of the use of property is not a taking of property within the prohibition of the Constitution. p. 289

Decided April 9th, 1914.

Appeal from the Circuit Court for Frederick County, in Equity.    (URNER, C. J., and PETER and WORTHINGTON, JJ.; WORTHINGTON, J., dissented.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

H. Dorsey Etchison and George M. Brady (with whom were John W. Reynolds, Jr., and Wm. Milnes Maloy on the brief), for the appellant.

Edward J. Smith and Leo Wineberg, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

By Chapter 560 of the Acts of 1908, the General Assembly of Maryland conferred upon the Mayor and Aldermen of Frederick City certain powers and authority as to the control of its streets and highways and among other things provided as follows, "to regulate the use of sidewalks for use of signs, sign-posts, awnings, posts, horse-troughs, telegraph posts, trolley poles, electric light poles, telegraph wires, electric light wires, and for any and all other purposes, and to prohibit the erection of any posts, poles or wires and to compel the removal of any posts, poles or wires, in, over, or above, any street, sidewalk or highway."

On the 1st day of August, 1913, the Mayor and Aldermen of Frederick in pursuance of the power thus conferred by the Act of 1908, passed an ordinance prohibiting the erection and providing for the removal of all hitching posts, sign posts, awning poles and posts and poles of every description (except telegraph, telephone, electric light and trolley poles and ornamental lighting posts) on the pavements, within three feet of the curb lines, and prohibiting the tying of animals of the horse kind to any trees, tree boxes, telegraph, telephone, electric light and trolley pole and ornamental lighting posts, on Market street, between Clark Place and Fifth street, and on Patrick street between Court street and Middle alley, in Frederick City, Maryland, and providing a penalty for violation thereof.

The ordinance is set out, in the record, marked Plaintiff's Exhibit No. 2, and provides in addition to a fine and imprisonment for its violation or failure to comply with its terms, that, if the owner of the premises in front of which such poles or posts may stand shall fail to comply with the ordinance within sixty days after notice from the City Engineer, they, the posts, shall be removed by that officer at the owner's expense.

The plaintiff is the owner of a business building situate on Market street, in Frederick City, within the designated limits prescribed by the ordinance, and maintains an awning built in, and fastened to the front wall of the building, and supported at the sidewalk by three iron poles, about three inches in diameter, and about nine feet apart. The awning is about seventeen feet above the sidewalk and is supported by these three iron posts, poles or uprights.

On the 19th of August, 1913 the plaintiff received from the City Engineer of Frederick City a notice to remove these posts or poles as provided by the ordinance, and the plaintiff by this proceeding asks a Court of Equity by injunction to enjoin the defendants from removing the iron posts or uprights supporting the awnings, and from in any way enforcing the ordinance.

The case was heard upon the bill of complaint, the defendants motion to dissolve the preliminary injunction, which had been previously issued and upon a demurrer to the bill.

The defendants' demurrer to the bill of complaint was sustained, and the plaintiff's bill was dismissed by an order signed by a majority of the Circuit Court for Frederick County dated on the 13th of December, 1913, and it is from this order an appeal has been taken.

It is objected, upon the part of the appellant: First, that the Mayor and Aldermen of Frederick City were not authorized by their charter to pass the ordinance in question, because the power to remove awning posts and poles was not specifically conferred by the Act of 1908.

Second: That if they had the authority and power to do so, the ordinance is invalid because arbitrary, oppressive, unreasonable and discriminative; third, that the ordinance and its enforcement, would deprive the plaintiff and those similarly situated, of their property without due process of law, and would deprive them of the equal protection of the law.

As to the first objection, we need only say, that we think the ordinance is entirely within the legislative grant, which authorizes the Mayor and Aldermen of Frederick City to regulate the use of awnings, and to compel the removal of any poles or posts on any of the streets of the city.

The language of the Act of 1908, Chapter 560, it will be seen, is broad and comprehensive and provides in terms that the Mayor and Aldermen of Frederick, shall have power to provide by ordinance among other things, "to regulate the use of sidewalks, for use of signs, sign posts, awnings, posts * * * and for any and all other purposes, and to prohibit the erection of any posts, poles or wires, and to compel the removal of any posts, poles or wires, in, over and above any street, sidewalk or highway.

It is difficult to see what words the Legislature could have used that would have more explicity, and expressly con-

ferred the power here in question upon the Mayor and Aldermen, then the language used in the Act itself.

The power as conferred was a reasonable one, and was intended for the purpose of enabling the Mayor and Aldermen, to maintain and preserve the streets and highways of the city, in the character of streets in such condition as may be most suitable for the public use. *Lake Roland R. R. Co.* v. *Balto.,* 77 Md. 380.

In *Brauer* v. *Refrigerating Company,* 99 Md. 367, this Court said, the cases upon the subject agree that the fundamental right to the enjoyment of the streets is that of the general public for passage over, and along them. In the exercise of this right, persons, employing vehicles are primarily entitled to occupy the bed of the street, while pedestrians have a similar priority of claim upon the sidewalk.

The owners of lots abutting on streets are permitted to encroach to a limited extent, for the necessary transaction of their business upon this primary right of the public, provided they do not unreasonably interfere with its exercise. But it must always be borne in mind, that the right of the public to employ the streets for purposes of travel and transportation is the paramount one, and that the right of the abutter to occupy them for other purposes is a permissive and subordinate one.

We come now to section 2 of the ordinance itself, which contains the enactment here involved and assailed.

It is urged with much earnestness that the ordinance is invalid because unreasonable, discriminative, arbitrary and oppressive.

While it is true the ordinance provides for the removal of "awning poles and posts and poles of every description" (except certain poles mentioned therein) erected on the pavements within three feet of the curb lines on the streets named therein, it nowhere appears that it in any way prohibits the use of awnings in front of these buildings unless supported by poles and posts. In other words, as stated by a majority of the Court below, "so far as the effect upon the awnings is

concerned, the ordinance amounts simply to a regulation of their construction and not to a prohibition of their use."

It may be stated as a general proposition sustained by all the authorities, that the necessity, propriety or wisdom of the exercise of a legislative grant or power such as this, must be left to the municipal authorities, and if an ordinance passed in pursuance thereof does not impair some vested right, or conflict with some constitutional mandate, the Court will not interfere to prevent its enforcement.

As was said by CHIEF JUSTICE WAITE in *Richmond Railroad Company* v. *City of Richmond,* 96 U. S. 521, it is not for us to determine in this case whether the power has been judiciously exercised. Our duty is at an end if we find that it exists. The judgment of the Court below is final as to the reasonableness of the action of the council.

In *State* v. *City of Trenton,* 53 Atlantic Reporter, 202, the Supreme Court of New Jersey, in passing upon a somewhat similar case, said: "Where the ordinance is within the powers delegated in the charter its reasonableness is presumed, and unless the contrary is clearly shown the Court will not interfere." And to the same effect are the cases of *Baltimore* v. *Clunet et al.,* 23 Md. 449; *State* v. *Mott,* 61 Md. 304; *Storck* v. *Balto. City,* 101 Md. 483; *Gould* v. *Baltimore,* 120 Md. 534; *Church* v. *Baltimore,* 6 Gill, 391; *Alexander* v. *Baltimore,* 5 Gill, 384; *Lacey* v. *Oskaloosa,* 31 L. R. A. (N. S.) 855; *Olympia* v. *Mann,* 12 L. R. A. 150; *New Orleans Water Co.* v. *New Orleans,* 164 U. S. 471; *Dillon on Municipal Corporations,* sec. 600

The contention that the ordinance is unreasonable and arbitrary, in respect to the classification proposed, we think, is without force, and is fully answered by the cases cited herein.

In *Richmond R. R. Co.* v. *City of Richmond, supra,* the Supreme Court said: "All laws should be general in their operation, but all places within the same city do not necessarily require the same local regulation. It is the special

duties of the city authorties to make the necessary discriminations in this particular."

The recent case of *Luman* v. *Hitchen Bros.*, 90 Md. 14, and *Clark* v. *Harford Agricultural Asso.*, 118 Md. 620, hold that if the classifications under the Act operate alike upon all persons and property under the same circumstances and conditions, and bear a reasonable and just relation to the Act in respect to which the classification is proposed, the Act will not be declared invalid because it subjects persons coming within the classifications, to burdens or duties not imposed upon individuals outside of the classes.

The objection that the ordinance in this case is invalid, because it is discriminative and applies only to designated streets, cannot be sustained.

It will be seen, that the same contention and argument was made, and urged against the validity, of somewhat similar ordinances in the cases of *State* v. *The City of Trenton, supra,* and in *Lacy* v. *Oskaloosa, supra.*

The Court in both of those cases overruled the contention there made, and held the ordinance to be valid, and not to be an arbitrary or unjust discrimination, or an oppressive interference with the business and property rights of the owner. *Storck* v. *Balto. City,* 101 Md. 476.

The further contention that the ordinance and its enforcement would deprive the appellant and those similarly situated, of their property, without due process of law and of the equal protection of the law, we think have been sufficiently answered in the disposition of the other questions raised in the case. All of the cases hold, that a proper regulation of the use of property, is not a taking of property, within the meaning of the Constitution.

As we find no reason to hold the ordinance invalid in this case, the order of the Circuit Court for Frederick County, passed on the 13th day of December, 1913, will be affirmed.

*Order affirmed, with costs.*