## SOLOMON ANSUR vs. BENJAMIN A. PEAKES.

Piscataquis County.    Decided February 12, 1929.    An action to recover for injuries received from alleged negligence of defendant in creating a nuisance within the limits of a highway. The allegations are that the defendant piled wood during the winter season within the limits of the highway which caused snow to drift against the pile of wood adjoining the traveled way as prepared for winter travel.

Plaintiff was injured in turning out on meeting another team opposite the pile of wood and by one of the runners of his sleigh being forced upon the alleged drift overturning his sleigh and throwing him out.

The issues were solely issues of fact. The pile of wood was an obstruction. If the drift was caused by it in the natural course of events and the overturning of the sleigh was caused by the drift and the plaintiff was not guilty of contributory negligence the defendant was liable.

The printed record even with the plan accompanying it is very inadequate. So much of the testimony bearing on the conditions consists of witnesses indicating locations and directions on the plan by the words "here" and "there."

If this Court could have heard and seen the witnesses, it might have arrived at a different conclusion than did the jury, not only on the question of the cause of the accident, but on the issue of the plaintiff's contributory negligence.

There was, however, testimony in the record on which the jury could have based its finding of the defendant's negligence, and, if it believed the plaintiff, on which it could have absolved him from contributory negligence. The jury, drawn as juries are, must have been familiar with conditions on country roads in the winter season and what a reasonably prudent man would do under conditions such as were shown to exist in this case. We do not feel that the verdict is so clearly wrong, having in mind that it is the peculiar province of the jury to pass on the credibility of the witnesses, that this Court should disturb it, or on the same reason that the damages must be regarded as excessive. Motion overruled. *James H. Hudson, John P. White,* for plaintiff. *Charles W. Hayes, Harold M. Hayes,* for defendant.