[Civil No. 4712.   Filed July 14, 1945.]

[160 Pac. (2d) 765.]

MARY M. BELTRAN, Appellant, v. MILTON L. STROUD and L. L. STROUD, Appellees.

Mr. Blaine B. Shimmel, for Appellant.

Messrs. McQuatters & Stevenson, for Appellees.

MORGAN, J.—This is an action by plaintiff, as the surviving wife of her husband, for damages on account of his alleged wrongful death, under the provisions of Sec. 31–101, 102, Arizona Code Annotated 1939. In her amended complaint, she alleged, in substance, the following: Defendant Milton L. Stroud, the possessor of a tract of land approximately 200 feet in width, fronting on the Oak Creek highway, in the city of Flagstaff, employed defendant L. L. Stroud to construct certain buildings on the tract. A sidewalk, which for many years had been located near the front property line and had been regularly used by residents of the city, including plaintiff and her husband, was removed. The Strouds had knowledge of such use, and it was their duty to provide, in lieu of the sidewalk, a safe passageway along the highway. They failed to do this, and piled dirt, rock and building material on front of the property to within a few feet of the paved portion of the highway, requiring pedestrians "to turn onto and walk on or near the paved portion thereof."

On December 3, 1941, plaintiff and her husband, in walking to the post office and using the sidewalk on the side of the road on which the Stroud property was located, by reason of the obstruction at a point approximately at the property of the defendant Milton L. Stroud, "were compelled to and did walk along and upon a narrow shoulder near the edge of the paved portion of said highway." At such point, defendant DeWeese, who was driving an automobile

on the highway, negligently and without warning turned his automobile off the pavement onto the shoulder of the highway, and ran over plaintiff's husband causing injuries which resulted in his death. The injury was proximately caused by the negligence of the defendants Stroud in the obstruction of said highway which caused the plaintiff and her husband to walk dangerously close to the highway, and the negligence of DeWeese in operating his automobile.

On motion of defendants Stroud, the trial court struck from the amended complaint the following allegations:

" . . . but on the contrary, proceeded to pile dirt, rock and building materials upon said highway in front of their said property so as to obstruct and make impassable to pedestrians all that portion of said highway from the line of their said property to within a few feet of the paved portion of said highway and pedestrians were required, in passing along said highway, to turn onto and walk on or near the paved portion thereof."

" . . . by reason of the obstruction of said highway, as above alleged, . . . ."

" . . . in that defendants Milton L. Stroud and L. L. Stroud, by the obstruction of said highway, . . . ."

Motions to strike the entire complaint and for a more definite statement were denied. Defendants answered, and took and filed plaintiff's deposition. They then moved for judgment on the pleadings and for summary judgment, upon which latter motion summary judgment was granted in favor of the defendants Milton L. and L. L. Stroud. From this judgment, plaintiff appealed. Defendant DeWeese is not a party to this appeal.

Plaintiff assigns error in the granting of the motion to strike the portions of the complaint heretofore quoted, and in the granting of defendants' motion for summary judgment. Propositions of law in

support of the assignments are to the following effect:

(1) The rights of the public to the use of streets and highways are paramount; the right of an abutting owner to non-public use of the highway is not to be determined by the necessities of his business but by the public convenience and he must exercise his rights with due regard to the safety of the highway users, and not interfere unreasonably with such use; building material may be piled on the highway only in a reasonable manner for a reasonable time, under proper precautions, and it is a question for the jury to determine whether the placing and maintenance was unreasonable.

(2) The question of whether the piling of obstructions on the highway concurred with the negligent operation of the driver in causing the death of the decedent, as alleged, was for the jury. The negligent piling of obstructing material, the removal of the sidewalk and the negligent driving of the automobile were the concurring, proximate causes of the death of plaintiff's husband, for which all defendants are liable.

It is obvious that plaintiff's cause of action is based upon the fundamental facts that due to the unreasonable action of the defendants in obstructing the highway, deceased, a member of the public having the paramount right to its use, was required to walk in a place of danger; that if deceased had not been compelled by the wrongful action of the defendants to put himself in danger, he would not have been injured by the negligently operated automobile of the defendant DeWeese. In other words, that the accident would not have occurred had it not been for the concurring causes of the negligently operated automobile and the unreasonable obstruction to the highway by defendants Stroud.

It is the settled law that the right of the public to use of streets for the purpose of travel and transportation is paramount to that of an individual to occupy them for other purposes. *Garibaldi & Cuneo* v. *O'Connor,* 210 Ill. 284, 71 N. E. 379, 66 L. R. A. 73; *Pugh* v. *City of Des Moines,* 176 Iowa 593, 156 N. W. 892, L. R. A. 1917F, 345; *Etchison* v. *Frederick City,* 123 Md. 283, 91 Atl. 161, L. R. A. 1916C, 561. It also seems to be the law that the right of an abutting owner to the use of the street or highway is not to be determined by the necessities of his business, but by public convenience. *Brauer* v. *Baltimore Refrigerating, etc., Co.,* 99 Md. 367, 58 Atl. 21, 66 L. R. A. 403, 105 Am. St. Rep. 304. While the abutting owner has the right to deposit, temporarily, building material in the street in front of his premises, and thus incommode the public, he must see to it that such right is exercised with due regard to the safety of the public, and in such a manner as not to interfere unreasonably with the public use of the highway. Brauer v. Baltimore Refrigerating, etc., Co., *supra; Callanan* v. *Gilman,* 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831; *Culbertson* v. *Alexander,* 17 Okl. 370, 87 Pac. 863, 10 Ann. Cas. 916.

Where damage or injury is claimed on account of unreasonable or negligent obstruction of a highway, the question is ordinarily one for the jury. It is for the jury to say whether obstructions were placed unnecessarily dangerously near the traveled part of the highway. The reasonableness of the use is a question to be determined by the jury. *Carlon* v. *Town of Greenfield,* 130 Wis. 342, 110 N. W. 208; *Sweet* v. *Perkins,* 196 N. Y. 482, 90 N. E. 50; *Boos* v. *Northfield Tp.,* 186 Mich. 386, 152 N. W. 1042; Callanan v. Gilman, *supra; Ansur* v. *Peakes,* 127 Me. 554, 144 Atl. 677.

Since, as disclosed by the foregoing authorities, abutting owners may make use of the highway

subject to the paramount right of the public, and the question of whether such use is reasonable or negligent is one for the jury, it is obvious that the court committed error in striking from the complaint the various allegations pertaining to the obstructions. We, therefore, consider the complaint as it stood before the allegations, which we have heretofore referred to, were stricken.

This brings us to plaintiff's second proposition. There may be more than one proximate cause of an accident if each was an efficient one without which the injuries resulting would not have occurred. Sweet v. Perkins, *supra*. If the obstruction to the street or highway was unreasonable and required the deceased to walk in a dangerous place, and he was injured as alleged, the obstruction may be found to be one of the proximate causes. It is true, from the allegations of the complaint, that he was injured by an intervening cause, but if that cause is of a nature which could reasonably have been anticipated, the earlier negligent act—the obstruction to the highway—if it contributed to the accident may also be regarded as the proximate or concurring cause. Garibaldi v. O'Connor, *supra*. The question would appear to be one for the jury. Sweet v. Perkins, *supra;* Boos v. Northfield Tp., *supra*. Where the obstruction of the street is unlawful and detracts from the safety of travelers, the author of the obstruction will be held liable for injuries resulting from its maintenance, although other causes subsequently arising may contribute to the injury. *Weick* v. *Lander,* 75 Ill. 93.

Thus, when a driver on a highway was injured by the county's negligence in obstructing a road, combined with another cause over which he had no control, and for which he was not responsible, but which without the county's negligence would not have caused the injury, the county is liable. *King* v. *Douglas*

*County,* 114 Neb. 477, 208 · N. W. 120. Where the abutting owner obstructs a highway, and a member of the public is injured by an intervening cause of a nature which could reasonably have been anticipated, the one so obstructing the highway may be held liable. This is the rule which has been applied by this court. *City of Douglas* v. *Burden,* 24 Ariz. 95, 206 Pac. 1085; *Herzberg* v. *White,* 49 Ariz. 313, 66 Pac. (2d) 253, 257. The first case deals with the negligence of the city in permitting a ditch in a street to exist unguarded, which was held to be the proximate cause of the injuries sustained by an automobile driver, but which injuries would not have occurred if it had not been for the negligence of another automobile driver which caused the injured person to drive on the side of the road where the ditch was located. In the Herzberg case, the defendant parked a car partly on the highway, for the purpose of changing a tire. The deceased, a guest in this car, was holding a flashlight to assist him in making the change and was killed by a passing car. The claim was made that defendant's negligence was not the proximate cause of the accident. The court said:

" . . . It is the law that where an injury is produced by an intervening and superseding cause, even though the original negligence may have been a substantial factor in bringing about the injury, the original actor is not legally responsible therefor. . . . But an intervening force, while it may be a cause of an injury, is not always a superseding cause. The question of whether it is or is not the latter is determined by many considerations, one of the principal of which is whether the intervening cause is an extraordinary one, or one which might normally be expected by a reasonable person in view of the situation existing at the time of its intervention."

The court then observed that any reasonable person must be held to have known that cars might pass on the pavement where defendant had parked his

car, and that an ordinarily prudent man should have anticipated that persons standing on the pavement, to the left of the car, might be struck at any time by a passing automobile. The court said:

"It thus appears that the active intervening cause, being of such a nature that it could or should have been reasonably anticipated by the defendant, was not a superseding cause."

We think this decision applies to the situation here. Where one obstructs a highway in such a manner as to cause pedestrians to walk on or near the paved portion thereof, he may reasonably anticipate that injury to a pedestrian may occur. In any event, it would be a question for the jury under all the facts and circumstances of the case.

We have considered defendants' brief, and the authorities cited therein. No legal justification for the action of the court in sustaining the motion to strike, or for summary judgment, is presented. This is not a case where rights of or obligations due to a licensee are involved. The deceased was a member of the public, having the paramount right to the use of the sidewalks and streets.

The judgment is reversed and the cause remanded with directions to set aside the order sustaining the motion to strike, and the summary judgment, and for further proceedings not inconsistent herewith.

STANFORD, C. J., and LaPRADE, J., concur.