667 P.2d 1327

**Anarinda BEACH, a minor, and D.L. (Jan) Beach, mother, Plaintiffs-Appellants,**

v.

**The CITY OF PHOENIX, Defendant-Appellee.**

No. 1 CA–CIV 5178.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 9, 1982.

Rehearing Denied Oct. 26, 1982.

Review Granted Dec. 21, 1982.

Gorey & Delaney by Stephen Gorey, Phoenix, for plaintiffs-appellants.

Jones, Teilborg, Sanders, Haga & Parks by Edward G. Hochuli, Phoenix, for defendant-appellee.

## OPINION

JACOBSON, Presiding Judge.

The sole issue raised by this appeal is whether the City is liable for injuries resulting to a pedestrian who, in avoiding an obstruction on a public sidewalk, is struck by a passing motorist.

This action was instituted by plaintiff-appellant, Anarinda Beach, against the defendant-appellee, City of Phoenix and others, seeking damages she sustained when she was struck by an automobile being driven by Linda Graulich. Plaintiff's theory of liability against the City was that by reason of the failure of the City to properly maintain its sidewalk, the plaintiff was required to walk into the street where she was struck by the Graulich automobile. The City moved for summary judgment which was granted and the plaintiff has appealed. No other defendants are parties to this appeal.

The undisputed facts are that at approximately 4 a.m. on the morning of August 20, 1978, plaintiff was walking west on a sidewalk on the north side of the 300 block of East Camelback Road in the city of Phoenix, Arizona. At that location, the sidewalk was owned and maintained by the City. A palo verde tree which once stood on property belonging to Hermann Erich H. Venjakob had fallen down, completely blocking the sidewalk.

The plaintiff, upon observing the fallen tree and concluding that she could not go over the obstacle, walked into the street. As the plaintiff was ready to step back upon the sidewalk after going around the tree, she was struck by an automobile driven by Graulich.

Although evidence was introduced concerning the length of time the tree had been lying across the sidewalk, the City concedes, for the purpose of summary judgment, that a material fact issue exists as to whether the City could be charged with constructive knowledge of the presence of the tree obstructing the sidewalk. Moreover, the City concedes that the presence of the tree across the sidewalk constituted a

"defective condition" which was unreasonably dangerous.

The City defended this matter on two theories: (1) that the defective condition (the fallen tree) was open and obvious to the plaintiff and therefore no duty arose on behalf of the City to the plaintiff; and (2) that a provision of the Phoenix City Code insulates the City from liability under the facts of this case.

We start from the premise that the City owes a duty to the public to keep its streets and sidewalks reasonably safe for travel and to warn the users of any actual dangers known to the City or which could be known to it in the exercise of reasonable care. *City of Phoenix v. Weedon,* 71 Ariz. 259, 226 P.2d 157 (1950); *Lowman v. City of Mesa,* 125 Ariz. 590, 611 P.2d 943 (App.1980). However, the City is not an insurer of the safety of persons using the streets. *Vegodsky v. City of Tucson,* 1 Ariz.App. 102, 399 P.2d 723 (1965). In this regard, the City urges that its duty to the traveling public should be no greater than that of the landowner to an invitee, that is, "there is no liability for injuries from the dangers that are obvious, or as well known to the persons injured as to the owner or occupant." *Daugherty v. Montgomery Ward,* 102 Ariz. 267, 269, 428 P.2d 419, 421 (1967), quoting *Foster v. A.P. Jacobs & Associates,* 85 Cal. App.2d 746, 193 P.2d 971 (1948) (emphasis deleted). We agree that the City's duty is equally circumscribed. Given the plaintiff's complete knowledge of the existence of the obstruction, her sustaining injury by acting upon that knowledge and attempting to avoid the obstruction does not give rise to liability on the part of the City for her injuries. *Warfield v. Shell Oil Company,* 106 Ariz. 181, 472 P.2d 50 (1970).

The dissent, while recognizing the validity of the "open and obvious" limitation on the City's duty, argues that while this may place a limitation upon the risk of injury from the obstruction itself, it does not limit the City's liability for the risk of injury from vehicular traffic which the obstruction required the plaintiff to expose herself. In our opinion, this is merely a syllogism. The only defective condition alleged is the obstructive nature of the fallen tree. The rationale of the rule which denies liability where the condition of the land is open and obvious is that the potential victim will appreciate the risks presented by the defect and take steps to avoid it. *Black v. State,* 116 Ariz. 234, 568 P.2d 1132 (App.1977); Restatement (Second) of Torts § 343A, Comment e (1965). If the open and obvious condition of the obstruction allows the plaintiff to appreciate the risk of walking into the tree, then obviously the plaintiff must appreciate the risk of walking around the tree which means going into the street with the attendant risk that course of action presents. In short, the open and obvious nature of the condition alerts the plaintiff to all the attendant risks which are equally "open and obvious" and thereby ends any duty the City may have had to her.

Since we can affirm the trial court on the "open and obvious" theory, we need not consider the effects of the City's ordinance. However, we note a similar ordinance was held unconstitutional in *City of Phoenix v. Williams,* 89 Ariz. 299, 361 P.2d 651 (1961).

For the foregoing reasons, the judgment is affirmed.

HAIRE, J., concurs.

McFATE, Judge (retired), dissenting:

I respectfully dissent. The majority has in effect held that with respect to pedestrians, a municipality may, with impunity, permit an obstruction to exist on a public sidewalk indefinitely, no matter what mischief may be proximately caused thereby, so long as the obstruction itself is obviously dangerous. As this dissent will demonstrate, the law does not permit such callous lack of concern for the safety of the traveling public.

The relationship of a city to users of its public ways is not that of landowner and invitee, but rather that of a trustee for the use and benefit of the public. E. McQuillan, The Law of Municipal Corporations § 30.40, at 685 (3d ed. 1981). The public's

entitlement is not a mere privilege, but a paramount right. *See Beltran v. Stroud,* 63 Ariz. 249, 160 P.2d 765 (1945); *Thompson v. Smith,* 155 Va. 367, 154 S.E. 579 (1930); 39 Am.Jur.2d Highways, Streets and Bridges § 192, at 570 (1968). As public trustee, the city is charged with a duty to keep its thoroughfares reasonably safe for travel. *Lowman v. City of Mesa,* 125 Ariz. 590, 611 P.2d 943 (App.1980). Despite the basic analytical difference, I concur with the majority that the duty of the City in relation to obviously defective conditions is analogous to that of a landowner to his invitee. However, an invitee on private land ordinarily has no paramount right to the use thereof. This distinction may become pertinent when determining what pedestrian conduct should reasonably be anticipated by a municipality.

The traditional rule relating to open and obvious conditions absolves a landowner from liability to invitees for harm caused by a dangerous condition of which the invitee was aware and realized the risk, or which was obvious. *See Smedberg v. Simons,* 129 Ariz. 375, 631 P.2d 530 (1981); *Moore v. Southwestern Sash & Door Co.,* 71 Ariz. 418, 228 P.2d 993 (1951). However, recent modification of that rule in Arizona relieves the landowner of a duty of care only where the defective condition is not unreasonably dangerous. That a defective condition is obvious is but one factor to consider in determining whether it was unreasonably dangerous.[1] *See Smedberg v. Simons, supra; Cummings v. Prater,* 95 Ariz. 20, 386 P.2d 27 (1963). Under the facts of this case, whether the traditional or modified rule is applied, the trial court erred in granting summary judgment.

The rationale supporting the traditional rule is that no duty is owed to those injured by obviously defective conditions simply be-cause the risk of injury is as equally obvious as the defect itself. One who proceeds in the face of such risk makes an intelligent choice to do so, and undertakes to protect himself independently of any duty of care others may owe. Restatement (Second) of Torts § 343A, Comment e (1965). The traditional reasoning would be relevant here had the plaintiff been injured by contact with the fallen tree itself, because the obstruction and its attendant physical danger were both apparent. But no such injury occurred. The plaintiff's injury was caused by a different type of risk, the exposure to which was, in turn, caused by the fallen tree. It is immaterial to this case that the tree was obvious except to the extent that it served as a causal link in the chain of circumstances which produced the injury.

It was conceded, for purposes of summary judgment, that the City negligently allowed the obstruction to exist. Hence, the City occupies the same position as would one originally responsible for placing it there. *See Lowman v. City of Mesa, supra; Jensen v. Maricopa County,* 22 Ariz.App. 27, 522 P.2d 1096 (1974); *Delarosa v. State,* 21 Ariz.App. 263, 518 P.2d 582 (1974). One who obstructs a public sidewalk should reasonably anticipate that members of the public, having a paramount right to its use, in reaching their destinations will avoid the impediment by walking around it, even though to do so requires stepping off the sidewalk. This is particularly so where there is no reasonably available alternative route or means of proceeding. Liability may attach if the obstruction proximately caused the plaintiff's exposure to the injury-causing risk.

In *Beltran v. Stroud,* 63 Ariz. 249, 160 P.2d 765 (1945), a portion of the sidewalk abutting private premises had been removed by the property owner. Dirt, rock

---

1. The modern trend of authority is to hold the possessor of land (or in this case the City) to a duty of care toward the invitee (pedestrian) where there is reason to expect the invitee will proceed to encounter the known or obvious danger because to a reasonable person in his position the advantages of doing so outweigh the apparent risk. "In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence or assumption of risk. It is not, however, conclusive in determining the duty of the possessor" (City). Restatement (Second) of Torts § 343A, Comments f and g (1965).

and building material were piled in front of the property to within a few feet of the paved portion of the highway, requiring pedestrians to walk on or near the road. Plaintiff, on his way to the post office, encountered the obstruction and walked around it into the highway. In doing so he was struck and killed by a negligently driven automobile. Our supreme court held:

> Where one obstructs a highway in such a manner as to cause pedestrians to walk on or near the paved portion thereof, he may reasonably anticipate that injury to a pedestrian may occur. In any event, it would be a question for the jury under all the facts and circumstances of the case.

*Id.* at 256, 160 P.2d at 768. While *Beltran* was concerned with the duty owed by an abutting landowner, it would seem that the City is no less able to anticipate injury to pedestrians. *Beltran* clearly is authority for the proposition that whether the City, in the case now before us, should have anticipated that pedestrians would avoid the sidewalk obstruction, thereby exposing themselves to a risk of harm from vehicular traffic, is a jury question.

Similarly, whether the defective condition of the sidewalk legally caused the plaintiff's injuries is a matter to be resolved by the trier of fact. As the *Beltran* court said:

> If the obstruction to the street or highway was unreasonable and required the deceased to walk in a dangerous place, and he was injured as alleged, the obstruction may be found to be one of the proximate causes. It is true, from the allegations of the complaint, that he was injured by an intervening cause, but if that cause is of a nature which could reasonably have been anticipated, the earlier negligent act—the obstruction to the highway—if it contributed to the accident may also be regarded as the proxi-

mate or concurring cause. The question would appear to be one for the jury. *Id.* at 254, 160 P.2d at 767. (Citation omitted.)

The next pertinent inquiries are: (1) was the risk of injury from street traffic obvious to the plaintiff?; and (2) if so, did she nevertheless proceed in the face of this risk? These questions are presently incapable of resolution because there are no facts in this record upon which to base a judgment in either regard. It was incumbent upon the City to support its motion for summary judgment with evidence that dangers posed by street traffic were, at the time, obvious to the plaintiff. This it did not do. Consequently, there was no factual basis for a summary judgment. *Wisener v. State,* 123 Ariz. 148, 598 P.2d 511 (1979); *Lujan v. MacMurtrie,* 94 Ariz. 273, 383 P.2d 187 (1963); *Schmidt v. Mel Clayton Ford,* 124 Ariz. 65, 601 P.2d 1349 (App.1979); *Combs v. Lufkin,* 123 Ariz. 210, 598 P.2d 1029 (App.1979).

The majority opinion asserts that the obvious nature of the tree blocking the sidewalk "alerts the plaintiff to all the attendant risks which are equally open and obvious and thereby ends any duty the City may have to [the plaintiff]." No authority is cited for this position. Moreover, the logic of the statement as to attendant, non-obvious risks is not apparent. Multiple risks may attend a defective condition, some of which may be obvious, while others may not. Care must be taken to discern the difference.[2]

The isolated fact that plaintiff was injured does not supply missing evidence of an obvious risk from highway traffic. The court should not presume, through backward reasoning, that because a person is injured, the risk of the impending injury

---

**2.** Although contained in the provisions covering assumption of risk, the Restatement is in accord:

> 1. *Multiple risks.* The defendant's conduct, or the condition of his land or chattels, may involve more than one risk of harm to the plaintiff. In such a case the plaintiff may be

aware of, and fully understand and appreciate, one of the risks but not another. [T]he plaintiff must . . . be held to assume only the risk he appreciates, and not the risk which he does not.

Restatement (Second) of Torts § 496C, Comment i (1965) (Citation omitted).

was obvious.[3] It seems to me that one who looks at a fallen tree blocking a sidewalk is not *ipso facto* alerted to the condition of highway traffic in the street. It is, of course, elementary law that one who would step off the curb in an attempt to go around an obstruction should proceed with reasonable care for his or her safety. But there is no evidence in this record by which we can judge whether this plaintiff failed to use due care for her own safety or whether there existed an obvious risk from street traffic.

I conclude that under the aforementioned traditional rule summary judgment was improper because there was no evidence in the record that the plaintiff was aware of the immediate risk which caused her injury or that a risk of injury was indeed obvious to anyone. By parity of reasoning, under the modified rule there was no basis for summary judgment because there was no evidence that the condition in the street was not unreasonably dangerous.

The case at hand contains unresolved questions of fact and is, therefore, inappropriate for summary judgment. I would reverse and remand for trial on the issues of negligence, contributory negligence and assumption of risk.

NOTE: The Honorable Yale McFate, a retired judge of a court of record, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 20.

---

3. "Obvious" means that both the condition and the particular attendant risk are apparent to, and would be recognized by, a reasonable person. Restatement (Second) of Torts § 343A, Comment b (1965).