667 P.2d 1316

Anarinda BEACH, a minor, and D.L. (Jan) Beach, mother, Plaintiffs-Appellants,

v.

The CITY OF PHOENIX, Defendant-Appellee.

No. 16285-PR.

Supreme Court of Arizona, En Banc.

July 22, 1983.

Gorey & Delaney by Stephen Gorey, Phoenix, for plaintiffs-appellants.

Jones, Teilborg, Sanders, Haga & Parks by Edward G. Hochuli, Phoenix, for defendant-appellee.

FELDMAN, Justice.

Anarinda Beach (Beach) was injured when she was struck by a car as she stepped into the street to avoid a tree which was blocking the sidewalk. Beach brought a tort action against the City of Phoenix (City) alleging the City had been negligent in allowing the tree to remain on the sidewalk. The City moved for a summary judgment and argued that it owed no duty to Beach since the tree was an open and obvious danger and that the City could not be held liable absent a showing it had formal notice of the obstruction of the sidewalk. The trial court granted the summary judgment and the court of appeals affirmed, *Beach v. City of Phoenix,* 137 Ariz. 1, 667 P.2d 1327 (App.1983). This petition for review followed. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23.

The facts are undisputed and are taken from the opinion of the court of appeals. On August 20, 1978, at approximately 4:00 a.m., Beach was walking west on a public sidewalk on the north side of Camelback Road. The sidewalk was adjacent to a heavily traveled street in the City of Phoenix. A palo verde tree which had grown on abutting property had fallen down, completely obstructing the sidewalk. Observing the fallen tree and determining she could not go over it, Beach walked into the street and attempted to go around the tree. As she was ready to step back onto the sidewalk, she was hit by a car and injured.

There was evidence in the record regarding the length of time the tree was lying across the sidewalk and the City conceded for purposes of the summary judgment proceedings that a material fact issue existed whether the City could be charged with constructive notice of the presence of the tree obstructing the sidewalk. The court of appeals noted, also, that the City "concedes that the presence of the tree across the sidewalk constituted a 'defective condition' which was unreasonably dangerous." *Id.* at 2, 667 P.2d at 1328.

Acknowledging that the City "owes a duty to the public to keep its . . . sidewalks reasonably safe for travel" and to warn of dangers, the court of appeals noted that the City is not the insurer of the safety of pedestrians. *Id.* at 2, 667 P.2d at 1328. From this premise, the court agreed with the City's contention that its duty to the traveling public was "no greater than that of the landowner to an invitee." *Id.* The court then applied the rule that a landowner is not liable to his invitee for injuries caused by conditions or dangers which are known to or obvious to the invitee. From this conclusion, the court affirmed the grant of summary judgment, holding that the "open and obvious nature of the condition alerts the plaintiff to all the attendant risks which are equally 'open and obvious' and thereby ends any duty the City may have had to her." *Id.* at 2, 667 P.2d at 1328. We granted the petition for review because we believe the court of appeals erred in its analysis and legal conclusions.

We do not agree with the court of appeals' statement that the City's duty in cases such as this is as "equally circumscribed" as the duties owed by a landowner to an invitee. As pointed out in the dissent, Beach, a member of the public, was not an invitee when using the public sidewalk. Her use of the sidewalk was "not a mere privilege, but a paramount right." *Id.* at 3, 667 P.2d at 1329 (McFate, J., dissenting). We think it best to avoid the theoretical pitfalls which confuse tort law pertaining to

the tort liability of possessors of land. For instance, it is commonly understood that the duty of a possessor of land will vary with the legal status of the injured person. Thus, the possessor has one duty to invitees, another to licensees, another to trespassing children, and another to trespassing adults. *See* W. Prosser, *Handbook of the Law of Torts* §§ 57–62 (4th ed. 1971). The numerous problems that these distinctions have caused have led some states to abolish the differing duty standards and adopt an overall duty of reasonable care. *See, e.g. Rowland v. Christian,* 69 Cal.2d 108, 443 P.2d 561, 70 Cal.Rptr. 97 (1968). Whatever the virtues in the traditional approach in actions involving possessors of land, we see no purpose in visiting these and other similar problems on cases involving the public's use of public streets or sidewalks. We conclude, therefore, that the majority of the court of appeals erred in holding that the duty of the City was circumscribed by the rules pertaining to negligence actions against possessors of land.[1]

The streets and ways of a municipal corporation "are held by it in trust for the public." 10 E. McQuillin, *The Law of Municipal Corporations* § 30.73, at 762 (3d ed. 1981). Thus, the duty of the City is not merely that of the landowner to an invitee. The long-standing rule in this state is that "[t]he standard of care imposed upon a municipality is that of an ordinarily prudent man. It is bound to keep its streets reasonably safe for travel . . . ." *City of Phoenix v. Clem,* 28 Ariz. 315, 327, 237 P. 168, 172 (1925); *Wisener v. State,* 123 Ariz. 148, 150, 598 P.2d 511, 513 (1979); *Arizona State Highway Dept. v. Bechtold,* 105 Ariz. 125, 129, 460 P.2d 179, 183 (1969); *City of Phoenix v. Weedon,* 71 Ariz. 259, 263, 226 P.2d 157, 160 (1950); 19 McQuillin, *supra,* § 54.-11, at 27 (3d ed. 1967); 63 C.J.S. *Municipal Corporations* § 802, at 115–16 (1950).

■ We also disagree with the court of appeals' confusion of the concept of "duty" with that of "negligence." As we hold and as the court correctly noted at the beginning of its opinion, the "duty" which the City owed was "to keep its streets and sidewalks reasonably safe for travel" by the public. *Id.* at 2, 667 P.2d at 1328. That duty remains constant, though the acts which are necessary to fulfill it vary depending upon the circumstances, including the obvious character of the obstruction. In terms of the City's liability, the nature of the obstruction in this case is not important to determine whether the City owed a duty to the pedestrian, but rather to determine whether the City breached the duty of reasonable care by negligently failing to remove the obstruction. *City of Phoenix v. Weedon,* 71 Ariz. at 263–64, 226 P.2d at 160.

■ The City is not an insurer of the safety of pedestrians and therefore is not liable for an injury, absent a finding of negligence. *Id.* at 264, 226 P.2d at 160; 19 McQuillin, *supra,* § 54.12, at 33. Thus, not every defect or obstruction of the sidewalk

---

1. Even if the rules of a landowner's duty to an invitee were applicable in this case, the court of appeals erred in positing an absolute rule that the owner of land is not liable to an invitee injured by an open and obvious danger. *Tribe v. Shell Oil Co.,* 133 Ariz. 517, 519, 652 P.2d 1040, 1042 (1982). The court of appeals cited Restatement (Second) of Torts § 343 A comment e (1965), for the proposition that a possessor of land was not liable for injuries caused by open and obvious conditions. The court failed to cite the exceptions to that general rule which are set forth in the succeeding comments to the Restatement. *Id.* § 343 A comments f and g. One of those comments concerns situations where the facts give the possessor reason to expect that the invitee may be harmed notwithstanding the known or obvious character of the danger. *Id.* comment f. The Restate-

ment also points out that where the government maintains land, it has a special reason to anticipate that the public, pursuing a right of entry and use to which they are entitled, may decide "to encounter some known or obvious dangers which are not unduly extreme, rather than to forego the right." *Id.* comment g. Under such circumstances the landowner may be liable for having failed to make the premises safe notwithstanding the open and obvious nature of the danger. *Id.* These exceptions to the general rule of nonliability for open and obvious dangers are recognized in Arizona. *Tribe v. Shell Oil Co., supra.* They are obviously applicable to the public's use of public buildings such as courthouses, and, *a fortiori,* should have been applicable to the public's use of public streets under the court of appeals' theory of the case.

gives rise to liability, but this is because the nature of some defects is such that a reasonable person would not anticipate danger from their existence and the City, therefore, would not be negligent in failing to remove them. *See City of Phoenix v. Weedon, supra; Evans v. City of Eufaula,* 527 P.2d 329, 332 (Okl.1974); 19 McQuillin, *supra,* § 54.82, at 208–10. Where, however, it appears from the evidence that reasonable people could differ as to whether the defect is of such a nature that injury is foreseeable, the question of negligence is one of fact for a jury to decide. *City of Phoenix v. Weedon, supra.* The characterization of the problem and the distinction between duty and negligence is not a mere abstraction or philosophical debate. If the question is one of duty, it is often to be decided by the court as a matter of law,[2] as occurred here, while if the issue is negligence, the rule is uniformly applied that where different inferences can be drawn from uncontroverted facts the case must be left to the jury.[3]

We hold, therefore, that the court of appeals erred in holding that the open and obvious condition alerted Beach to all the risks and thereby ended any duty the City may have had. The City's duty to use reasonable care did not end. The correct issue is whether reasonable people might conclude that the City was negligent in failing to remedy a defect which was very open and obvious.

■ Considering the uncontroverted facts in this case, we believe that reasonable people could differ in determining whether the City was negligent in failing to remove the tree. The very size and obvious nature of the tree and the fact that it totally blocked the sidewalk could certainly lead a reasonable person tò anticipate that a pedestrian might step out into the street to avoid the obstruction. Reasonable people could certainly differ concerning whether there existed a foreseeable danger that a pedestrian seeking to avoid the tree might be injured by a vehicle traveling on the street. *See* 19 McQuillin, *supra,* § 54.80(a); *see also Johnson v. City of Rockford,* 35 Ill.App.2d 107, 182 N.E.2d 240 (1962); *Adelman v. Altman,* 209 Mo.App. 583, 240 S.W. 272 (1922); *Bacsick v. Barnes,* 234 Pa.Super. 616, 341 A.2d 157 (1975); Annot., 93 A.L. R.2d 1187 (1964). Thus, reasonable people might well find the City negligent in failing to remove the tree. While these same characteristics of the obstruction should also alert the pedestrian of the need to exercise reasonable care, this does not relieve the City of its duty to pedestrians, but only raises the possible defense of contributory negligence. This defense, however, is always a question for the jury in Arizona and cannot be established by the court. *See* Ariz. Const. art. 18, § 5; *Layton v. Rocha,* 90 Ariz. 369, 370, 368 P.2d 444, 445 (1962). The question of negligence, therefore, was a question of fact for the jury.

The City also argued that it could not be held liable for Beach's injuries since it had not received written notice of the obstruction prior to the accident, as required by Phoenix City Code, Ch. 31, art. 1, § 31–20.[4]

---

2. *See* Prosser, *supra,* § 37, at 206, for discussion.

3. [T]he details of the standard [of conduct] must be filled in in each particular case. The question then is what the reasonable man would have done under the circumstances. Under our system of procedure, this question is to be determined in all doubtful cases by the jury, because the public insists that its conduct be judged in part by the man in the street rather than by lawyers, and the jury serves as a shock-absorber to cushion the impact of the law. The question usually is said to be one of fact, but it should be apparent that the function of the jury in fixing [this] standard [of "reasonable care"] differs from that of the judge [in determining what general standard of duty is to be applied] only in that it cannot be reduced to anything approaching a definite rule.

Prosser, *supra,* at 207 (footnotes omitted).

4. Section 31–20 provides:

The City shall not be liable nor shall any action be maintained against it for damages for injuries to person or property sustained in consequence of any street, highway, parkway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructive unless written notice of the defective, dangerous, unsafe, obstructive or unrepaired condition, specifying the particular place, has been given to the Director of Public Works and there has been a failure

This court previously held an identical ordinance invalid in *City of Phoenix v. Williams,* 89 Ariz. 299, 361 P.2d 651 (1961). We find the reasoning and result of that opinion to be controlling here. We are still unable to find any authority in the City Charter, Arizona Revised Statutes, or Constitution for the immunity granted in § 31–20. We also agree that the provision is contrary to the well-established public policy of holding governmental bodies accountable for their negligence. *See Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982). The City therefore may be found liable if it is shown that the City had actual or constructive notice of the obstruction. *Wisener v. State, supra; City of Phoenix v. Williams,* 89 Ariz. at 304, 361 P.2d at 655; *City of Phoenix v. Clem, supra;* 19 McQuillin, *supra.*

We find that material issues of fact concerning the City's negligence existed and the trial judge therefore erred in granting the City's motion for summary judgment. *Gulf Insurance Company v. Grisham,* 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980). The opinion of the court of appeals is vacated. The judgment is reversed and the case is remanded for further proceedings.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

or neglect to remedy, repair or remove such defect, danger or obstruction complained of within a reasonable time after such notice has been given.