NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARY F. D'AMBROSIO, *Plaintiff/Appellant*,

*v.*

CITY OF PHOENIX, *Defendant/Appellee*.

No. 1 CA-CV 13-0459
FILED 10-16-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2009-026559
The Honorable Douglas L. Rayes, Judge

**AFFIRMED**

---

COUNSEL

Mary F. D'Ambrosio, Phoenix
*Plaintiff/Appellant*

Office of the Phoenix City Attorney, Phoenix
By Daniel L. Brown, Leslie S. Tuskai
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**H O W E**, Judge:

¶1 Mary D'Ambrosio appeals the trial court's order granting the City of Phoenix's ("the City") motion for judgment as a matter of law. We find no error and therefore affirm the judgment.

**FACTS AND PROCEDURAL HISTORY**

¶2 In November 2008, D'Ambrosio was walking on a sidewalk on Virginia Street when her "toe got caught between one slab and the next slab." She tripped and fell. According to D'Ambrosio, the height difference was "maybe the difference of half an inch or so."

¶3 D'Ambrosio sued the City for negligence. The City moved for summary judgment, which the trial court granted. This Court reversed and remanded, ruling that the City was not entitled to summary judgment because whether the sidewalk was unreasonably dangerous was a question for the fact finder.

¶4 On remand, the trial court conducted a bench trial. After D'Ambrosio's case-in-chief, the City moved for judgment as a matter of law pursuant to Arizona Rule of Civil Procedure 52(c), and the court granted it. D'Ambrosio moved for reconsideration of the judgment and then for a new trial. She argued at trial and in her post-trial motions that a 1/2 inch defect in the sidewalk was an unreasonably dangerous condition as a matter of law.

¶5 The trial court denied both motions, noting that D'Ambrosio's position was "clearly . . . not the law. It is for the trier of fact to decide." The court "determined that there was no legally sufficient evidentiary basis for a reasonable fact finder to find for [D'Ambrosio]" after reviewing all of the evidence and exhibits. The court noted that its "decision to rule against [D'Ambrosio] was based solely on the finding that [she] failed to present sufficient evidence to go to the finder of fact that the sidewalk was unreasonably dangerous." D'Ambrosio timely appealed.

**DISCUSSION**

¶6 As an initial matter, we note that D'Ambrosio's opening brief does not comply with Arizona Rule of Civil Appellate Procedure 13(a). Notably, the brief does not contain any relevant legal argument, with citations to authorities, nor does it articulate the proper standard of review. *See* Ariz. R. Civ. App. P. 13(a)(6) (providing that the appellant's brief shall state an "[a]rgument which shall contain the contentions of the appellant

with respect to the issues presented, and the reasons therefor, with citations to the authorities" and identify "the proper standard of review on appeal"). Although D'Ambrosio is a non-lawyer representing herself, she is held to the same standards as a qualified attorney. *See Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287 ¶ 16, 17 P.3d 790, 793 (App. 2000). Nonetheless, we will exercise our discretion and attempt to discern and address D'Ambrosio's arguments because we prefer to decide cases on the merits. *See DeLong v. Merrill*, 233 Ariz. 163, 166 ¶ 9, 310 P.3d 39, 42 (App. 2013).

¶7        D'Ambrosio argues primarily that the trial court erred because the uneven sidewalk was per se an unreasonably dangerous condition.[1] Under Arizona Rule of Civil Procedure 52(c), when a party has been fully heard on an issue and the court finds against the party on that issue after determining the facts, the court may enter judgment as a matter of law against that party. The judgment "shall be supported by findings of fact and conclusions of law" if a party requests them. Ariz. R. Civ. P. 52(c). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Ariz. R. Civ. P. 52(a).

¶8        Thus, when reviewing the trial court's judgment as a matter of law entered under Rule 52(c), we review its findings of fact for clear error, consistent with Rule 52(a), and its conclusions of law de novo. *See Tobias v. Dailey*, 196 Ariz. 418, 420 ¶ 7, 998 P.2d 1091, 1093 (App. 2000) ("In this timely appeal from the trial court's findings of fact, conclusions of law, and judgment [pursuant to Rule 52(c)], we deferentially review the trial court's findings of fact but independently review its conclusions of law."). This is consistent with the standard of review for federal Rule 52(c): "[i]n reviewing the district court's judgment . . . , we review its findings of fact for clear error and its conclusions of law de novo." *United Steel Workers Local 12-369 v. United Steel Workers Intern.*, 728 F.3d 1107, 1114 (9th Cir. 2013); *see also Waltner v. JPMorgan Chase Bank, N.A.*, 231 Ariz. 484, 488 ¶ 18, 297 P.3d 176, 180 (App. 2013) ("Federal cases interpreting federal rules of civil procedure that are similar to our rules are instructive and persuasive in construing our rules, and we subscribe to the principle that uniformity in

---

[1]        D'Ambrosio also raises other issues, including that the City's offered settlement amount was insufficient, the trial court erred in refusing to sanction the City for alleged discovery abuses, and the City should have settled the case instead of taking it to trial. In view of our holding that the trial court did not err in granting the City's motion, we need not address these issues.

interpretation of our rules and the federal rules is highly desirable.") (internal quotation marks and citation omitted).

¶9        A plaintiff must prove four elements to prevail in a premise liability action: (1) an unreasonably dangerous condition existed at the time of the accident; (2) the owner of the premise knew or should have known that the condition existed; (3) the condition was not discoverable by the plaintiff; and (4) the owner failed to exercise reasonable care in either providing a remedy or warning of the condition. *See Moore v. Southwestern Sash & Door Co.*, 71 Ariz. 418, 422, 228 P.2d 993, 995 (1951); Restatement (Second) of Torts §§ 343–43A. Here, the parties only contest whether a sidewalk with a height difference of 1/2 inch between the slabs was an unreasonably dangerous condition.

¶10        D'Ambrosio argues that an uneven sidewalk is per se an unreasonably dangerous condition. But "not every defect or obstruction of the sidewalk gives rise to liability." *Beach v. City of Phoenix*, 136 Ariz. 601, 603–04, 667 P.3d 1316, 1319–20 (1983). "The City is not an insurer of the safety of pedestrians, and absent a finding of negligence, it is not liable for an injury." *Id.* at 603, 667 P.2d at 1319. A condition is not unreasonably dangerous if it is open and obvious, that is, "[i]f people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight." *Cummings v. Prater*, 95 Ariz. 20, 27, 386 P.2d 27, 31 (1963).

¶11        Nothing in the record shows that the trial court erred by finding that D'Ambrosio failed to present "a legally sufficient evidentiary basis for a reasonable fact finder to find for [D'Ambrosio]." A photograph of the sidewalk was admitted in evidence, and to the extent that the height difference in the sidewalk slabs created a danger of tripping, no evidence showed that D'Ambrosio and other pedestrians could not "be expected to take perfectly good care of themselves without further precautions." *Id.* Although D'Ambrosio testified on her own behalf, she did not include the transcripts of her trial testimony in the record on appeal, so we presume that the testimony supported the trial court's ruling. *See Kline v. Kline*, 221 Ariz. 564, 572 ¶ 33, 212 P.3d 902, 910 (App. 2009) (holding that "[w]hen no transcript is provided on appeal, the reviewing court assumes that the record supports the trial court's decision"). Thus, although negligence is generally a fact question, *Beach*, 136 Ariz. at 604, 667 P.2d at 1320, the trial court did not err in granting judgment as a matter of law to the City under Rule 52(c).

**CONCLUSION**

¶12        We find no error and therefore affirm.



Ruth A. Willingham · Clerk of the Court
FILED: gsh